DANIEL *v.* CITIZENS' MUTUAL FIRE-INSURANCE CO. OF
JACKSON.

1. JUDGMENT—CONCLUSIVENESS—MANDAMUS—BILL OF REVIEW.
   The denial on the ground of laches of a mandamus to set aside
   an order transferring receivership proceedings to another
   county, on the ground of irregularities, is conclusive of the
   petitioner's right to question the same irregularities by
   filing a bill of review.

2. EQUITY—LACHES—RECEIVERSHIP PROCEEDINGS.
   Laches which prevents complainant from assailing an order
   transferring a receivership of a mutual fire-insurance com-
   pany to another county will also prevent his assailing orders
   accepting the resignation of the receiver, appointing a new
   receiver, and approving an assessment upon the policy hold-
   ers, where, upon the assumption of the regularity of the or-
   ders, important proceedings have been taken which cannot
   otherwise be sustained.

3. RECEIVERS—RESIGNATION—APPOINTMENT OF SUCCESSOR — COL-
   LUSIVE AGREEMENT.
   That the attorney of the creditors of a mutual-insurance com-
   pany in the hands of a receiver procured the resignation of
   the receiver, procured the consent of another person to act
   as receiver, induced the commissioner of insurance to peti-
   tion for his appointment, and since his appointment has
   acted as the attorney for the new receiver, and as such pro-
   cured the transfer of the proceedings to the county in which
   the receiver and attorney reside, the judge of the county in
   which the proceedings were instituted being disqualified, does
   not justify the vacation of the orders by which the results re-
   cited were accomplished, there being no understanding that the
   new receiver should favor the creditors or be otherwise un-
   faithful to his duties.

4. VENUE—CHANGE—PROPRIETY OF ORDER.
   Where a transfer of receivership proceedings to another circuit
   was necessary because of the disqualification of the judge of
   the circuit in which they were begun, the fact that the judge
   called to preside transferred them to his own circuit does not
   show any impropriety, where the selection was not improper or
   prejudicial to any party, it is not claimed that the judge

was a party to any collusive arrangement, and no improper means were used to induce the selection.

5. RECEIVERS—ATTORNEYS—EMPLOYMENT—PROPRIETY.

There is no impropriety in the employment by a receiver of the same attorney employed by the creditors unless there is a conflict of interests, in which case the remedy is by employment by the receiver of another attorney.

6. SAME—ASSESSMENT—EXCESSIVENESS—REMEDY.

Excessiveness of an assessment by a receiver is no ground for a bill of review, the remedy by vacating it, or by securing a proper distribution of the fund raised, being adequate.

Appeal from Ionia; Davis, J. Submitted June 10, 1907. (Docket No. 54.) Decided October 4, 1907.

Petition by Thomas I. Daniel against the Citizens' Mutual Fire-Insurance Company of Jackson and James V. Barry, commissioner of insurance, to file a bill of review. From a decree denying the petition, petitioner appeals. Affirmed.

*Thomas E. Barkworth* and *Grove H. Wolcott*, for petitioner.

*George E. Nichols,* for defendants.

CARPENTER, J. This is another chapter in the litigation reviewed by us in *Nichol* v. *Murphy*, 145 Mich. 424. The statement in that opinion will supplement the statement in this. In 1899 proceedings were instituted in the circuit court for the county of Jackson, in chancery, to wind up the affairs of the Citizens' Mutual Fire-Insurance Company, one of the above-named respondents. In these proceedings Forrest C. Badgley was appointed receiver, and upon his petition a pro rata assessment was made against those having policies in said company—of whom petitioner was one—for a sufficient amount to pay the indebtedness of the company and the expenses of the receivership. February 17, 1906, Badgley resigned as receiver. His resignation was accepted and John Nichol of Ionia

was appointed his successor.   On the same day an order was made transferring said cause to the circuit court for the county of Ionia, in chancery.   March 22, 1906, said circuit court for said county of Ionia, in chancery, on the petition of said Nichol, as receiver, set aside the assessment formerly made during Badgley's receivership, and made a new assessment. The amount which petitioner was required to pay by this second assessment was smaller than that in the first.   May 25, 1906, a suit at law was commenced by said receiver against said petitioner to recover for said assessment.   November 10, 1906, plaintiff applied to this court for a mandamus to compel the vacation of the order transferring said cause from the Jackson circuit to the Ionia circuit.   This application was denied on the ground of laches.   In January, 1907, plaintiff asked leave to file a bill of review, by which he might obtain a vacation of the order accepting the resignation of Badgley as receiver, the order appointing Nichol as his successor, the order transferring the cause and the order approving the second assessment.   Leave to file said bill was denied and petitioner appeals to this court.

Petitioner assails the above-mentioned orders upon two grounds.  *First*, because of certain irregularities disclosed by the record.   *Second*, because of an alleged collusive arrangement between Badgley, the retiring receiver, Nichol, his successor, and the creditors of the insolvent corporation.

The irregularities disclosed by the record were brought to our attention last November in plaintiff's application for a mandamus to compel the vacation of the order transferring said cause from Jackson county to Ionia county. The order of transfer was made in February and the application for mandamus was not made until November, and in the ensuing interval important orders had been made and important action taken upon the assumption that the circuit court for the county of Ionia, in chancery, had jurisdiction.   In our opinion the circumstances—and among these circumstances may be mentioned petitioner's

early knowledge of the proceedings which he claims were irregular—required a diligence which petitioner had not exercised, and we decided that he was guilty of laches which disentitled him to relief. That determination is decisive against petitioner's right to raise these irregularities by filing a bill of review. If he was guilty of laches in November he certainly was guilty of laches in the following January, and the laches which prevented his assailing the order of transfer prevents his assailing the other orders, for upon the assumption of their regularity important proceedings have been taken which cannot otherwise be sustained.

The circumstances respecting the alleged collusive agreement are these: The attorney representing all the creditors procured Badgley's resignation, though Badgley had already determined to resign and it was eminently proper that he should; he procured the consent of Nichol to act as receiver; he induced the commissioner of insurance to file a petition asking the appointment of Nichol as receiver; he has acted as Nichol's attorney since the latter's appointment as receiver, and in that capacity he procured the order transferring said cause. There was, however, no understanding that Nichol, as receiver, should do anything to favor the creditors, or that he should be in any way faithless to his receivership duties; and we are satisfied that he has been faithful to those duties. Nor was there any impropriety in the order transferring the cause. The cause should have been transferred from the Jackson circuit for the judge of that circuit was disqualified. The selection of the circuit to which it should be transferred was made and had to be made by the judge—in that instance the judge of the Ionia circuit sitting in the Jackson circuit—who ordered the transfer. That judge was not a party—indeed this is not claimed—to any collusive arrangement, and no improper means were used to induce him to make said selection. The selection itself was not an improper one nor prejudicial to the interests of any of the parties concerned in the litigation. The arrangement

thus disclosed does not justify the vacation of the orders in question. The only possible impropriety arises from the circumstance that the attorney employed by the receiver is also the attorney of the creditors. This would be improper only in the event of a conflict between his duty to the creditors and his duty to the receiver, and if that contingency does arise it needs no other remedy than this, viz., the receiver should at once engage another attorney.

Complaint is also made that the second assessment is excessive. If this complaint is meritorious, and we are by no means convinced that it is, adequate relief can be had by vacating it or by securing a proper distribution of the funds raised by assessment. It does not justify the filing of a bill of review.

The order appealed from should be affirmed.

McALVAY, C. J., and GRANT, HOOKER, and MOORE, JJ., concurred.