## NICHOL v. NEWMAN.

1. STATUTES — VALIDITY — CONSTITUTIONAL LAW — JURY TRIAL — VENUE.

   2 Comp. Laws, § 7282, authorizing the receiver of an insolvent mutual insurance company to sue its members in the circuit court appointing him is valid and unobjectionable for depriving a defendant in a civil cause of jury trial in the county of his residence.

2. INSURANCE—MUTUAL COMPANIES—LIABILITY OF MEMBERS.

   A member of a mutual fire insurance company is liable to the receiver after its insolvency for an assessment of his proportion of the losses and expenses sustained by the company up to the time that he terminated his relation with it, and is not relieved by having paid the amount claimed by the company to be due from him at the cancellation of the policy.

3. SAME—STATUTE OF LIMITATIONS—RECEIVERS.

   The statute of limitations begins to run in such case from the date of assessment by the receiver, not from the date of the receiver's appointment.

Case made from Ionia; Davis, J.  Submitted November 18, 1909.  (Docket No. 94.)  Decided April 1, 1910.

Assumpsit by John Nichol, receiver of the Citizens' Mutual Fire Insurance Company of Jackson, against William G. Newman for the amount of an assessment. A judgment for plaintiff is reviewed by defendant on a case made.  Affirmed.

*Merton Fitzpatrick* (*Wilbur D. Grommon*, of counsel), for appellant.

*George E. Nichols* (*John Nichol*, of counsel), for appellee.

MOORE, J.  This is another phase of the litigation which was before us in *Nichol* v. *Murphy*, 145 Mich. 424

(108 N. W. 704); *Daniel* v. *Insurance Co.*, 149 Mich. 626
(113 N. W. 17); *Nichol* v. *Ward*, 156 Mich. 136 (120 N.
W. 569). A reading of the opinions in those cases will aid
in understanding the questions presented here. After the
opinion was handed down in *Nichol* v. *Murphy, supra,*
all the members liable under the assessment mentioned in
the opinion in that case were notified, and payment was
requested. This notice was received by defendant. After
the company was notified to discontinue business, its board
of directors passed a resolution ordering an assessment.
Later it rescinded this action, and it does not appear that
the directors ever levied the assessment in fact. On the
11th of December, 1899, following the action before men-
tioned, the company sent out to the defendant a notice
that the assessment due upon policy 6271 amounted to
$6.19, and between that time and the 27th of December,
1899, defendant returned his policy for cancellation. The
company thereupon wrote defendant they could not can-
cel the policy until he had complied with the by-laws, and
that there was due from him $3.09, which defendant sent
to the company, together with his policy, and obtained a
receipt therefor. Later this suit was brought and heard
before the circuit judge, who made a very elaborate find-
ing of facts. Among other things, he found that the de-
fendant had not been a member of the company since the
cancellation of his policy January 10, 1900, and therefore
was not a member when the receiver was appointed; that
he had paid all demanded of him at the time of the can-
cellation of his policy; that there never was sufficient as-
sessed to pay the losses and expenses of the company while
the defendant was a member; that the sum paid by him
at the time of the cancellation of his policy was not suffi-
cient to pay his share of the losses and expenses during
the life of his policies; and that there was due the re-
ceiver the sum of $29.68, and judgment was rendered for
that amount. From this judgment the defendant appeals.

The defendant claims (we quote from the brief):

"(1) That that part of Act No. 82, Laws 1873, as amended [see 2 Comp. Laws, § 7282], which authorizes a receiver to sue members of such company in the circuit court where he was appointed, and authorizing the service of process in that and any other county of the State, is oppressive, unwarranted, and utterly void.

"(2) That at the time this action was commenced there were no valid claims against such insurance company; the statute of limitations having long since run against same.

"(3) That the defendant was deprived of a trial by jury in Hillsdale county, his home.

"(4) That defendant paid his assessments and other charges in full, and was discharged and relieved of all claims of any kind to said company or its receiver.

"(5) That the letter of December 11, 1899, was a valid call upon defendant for any and all amounts due or to become due from him to said company.

"(6) That the notification of Receiver Badgley of May 4, 1901, was a valid call in full for any and all amounts due or to become due to the receiver or receivers of said company, and in full for all liability of said defendant as a member of said company.

"(7) That the statute of limitations is an absolute bar to the collection of this assessment."

Groups 1 and 3 may be considered together. The defendant made no request for a jury trial. See *In re Cox*, 129 Mich. 635 (89 N. W. 440). The provisions of the statute thus attacked have been in force since 1873, and, so far as we know, no doubt has been cast upon the right of the legislature to enact such provisions in civil cases. If counsel so diligent as the one presenting these objections is unable to find an authority in point in a civil case, it is fair to assume no such authority exists. The cases to which he calls attention are all criminal cases.

Groups 2, 4, 5, and 6 are decided against the contention of appellant in the cases cited early in this opinion in which the receiver in this case was a party.

7. Is the claim that the statute of limitations is an absolute bar to the collection of this assessment well taken? It is the claim of counsel that the statute of limitations

runs from the date of the appointment of the receiver. Counsel cite, in support of this contention, *Webber* v. *Hovey*, 108 Mich. 49 (65 N. W. 619). A reference to the case will show that so far as it is applicable it is against the contention of appellant, as will appear by the reference to, and the quotation from, *Scovill* v. *Thayer*, 105 U. S. 155. A case directly in point is the case of *Wardle* v. *Hudson*, 96 Mich. 432 (55 N. W. 992), where it is held the statute of limitations does not commence to run until the date of the assessment.

Judgment is affirmed.

MONTGOMERY, C. J., and HOOKER, McALVAY, and BROOKE, JJ., concurred.