CENTRAL MUTUAL AUTO INS. CO. v. INSURANCE COMMISSIONER.

1. INSURANCE—MUTUAL COMPANIES—CONTINGENT PREMIUMS—LIMITATION OF ACTIONS.

Amendment of insurance code limiting liability on contingent premiums on mutual insurance policies to ''the amount demanded within one year after the termination of the policy'' imposed a limitation on actions that might be brought to recover the contingent premiums in addition to that imposed by the general statute on limitations of actions (3 Comp. Laws 1929, §§ 12660, 13976).

2. SAME—RECEIVERS—ASSESSMENTS.

The receiver of a mutual insurance company has no greater right to impose assessments than that possessed by officers of the company on the date the custodian took possession.

3. SAME—RECEIVERS—CONTINGENT PREMIUMS—LIMITATION OF ACTIONS.

Receiver of a mutual insurance company may not enforce assessment for contingent premiums on policies which had expired more than one year prior to his appointment (3 Comp. Laws 1929, §§ 12269, 12660).

4. SAME—LIMITATION OF ACTIONS—MUTUAL COMPANIES—CREDITORS—
   STATUTES.

   Notwithstanding statutory limitation of one year to action to
   enforce payment by member of mutual insurance company of
   contingent premium may work a hardship upon creditors, the
   court is compelled to follow the clear and express language of
   such statute of limitations, the wisdom of such statute being
   for the legislature (3 Comp. Laws 1929, § 12660).

Appeal from Ingham; Carr (Leland W.), J. Submitted October 11, 1939. Calendar No. 40,499.) Decided March 15, 1940.

In the matter of the receivership of the Central Mutual Auto Insurance Company. On petition of Harry H. Mead, special deputy commissioner of insurance, acting deputy receiver of the Central Mutual Auto Insurance Company, for authority to levy assessments on policyholders. E. B. Clark and others review order empowering assessment by appeal in the nature of mandamus. Writ granted.

*Miller, Bevan, Horwitz & Des Roches* (*Bela J. Lincoln,* of counsel), for deputy receiver Mead.

*David E. Roberts* and *Leland Kennedy,* for appellants.

*Thomas Read,* Attorney General, and *John Panchuk,* Assistant Attorney General, *amici curiae.*

BUSHNELL, J. The Central Mutual Auto Insurance Company was incorporated in 1921 under the general insurance law, pt. 5, chap. 3. See 3 Comp. Laws 1929, § 12654 *et seq.* (Stat. Ann. § 24.528 *et seq.*). On June 15, 1937, a custodian was appointed for its property and assets by Judge Carr, of the circuit court of Ingham county, who subsequently entered an order of liquidation and appointed the commissioner of insurance as its receiver. The receiver promptly filed a petition for leave to make an assessment upon those members of the company

liable for such assessment, and secured an *ex parte* order.   An order to show cause on the receiver's petition for authority to levy specific assessments was followed by appearances and answers by approximately 1,200 members.   After a hearing the court described the issue raised as follows:

"The objection to the assessment as made is based on 3 Comp. Laws 1929, § 12660.   It is the position of counsel for the objecting members of the company that the one year provisions referred to in said section applies to, and limits, assessments by the commissioner of insurance under the liquidation provisions of the insurance code.   The attorney for the receiver contends that chapter 3 of part 1 of the code is controlling, that section 7 thereof (3 Comp. Laws 1929, § 12269) is applicable, and that in accordance with its mandate it is the duty of the receiver to make assessments 'to any extent that may be necessary to discharge the whole obligations, existing at any time during such receivership or insolvency proceedings.'

"In support of their objections counsel have invoked the generally recognized rule that where a general law and a specific act are in conflict the latter, unless the legislative intent to the contrary is indicated, will control.   It is suggested that the general mutual laws, chapter 3 of part 5 of the code, should be regarded as a special act."

The court said:

"With this contention I am unable to agree.   If the term 'special act' may properly be applied to any part of the general insurance code it would seem that the provisions relating to the liquidation of mutual companies under the supervision of the commissioner of insurance, acting as receiver, are within the scope of the phrase.   However, the practical situation is that we are dealing with statutory provisions that are parts of the same act, and hence

must be construed together. Such, of course, was the legislative intent. Approaching the consideration of the problem from this angle the conclusion cannot be avoided that section 12660 has reference to the conduct of the business of mutual insurance companies while operating under the provisions of the general mutual law, and that section 12269 applies when a situation has developed that required appointment of a receiver and liquidation. It seems to me that it was the intention of the legislature, in the enactment of the provisions of the code dealing with the liquidation of insurance companies, that valid claims established in the prescribed manner should be paid. Obviously if the objection made to the levying of assessments in this proceeding is well founded, it follows that in the ordinary winding up of a mutual insurance company there is no way to raise sufficient funds either to pay the debts or meet the costs of administration. Such possible result is wholly at variance with the general policy of the State in matters of this nature."

Respondents appeal from an order approving the assessment rolls as submitted and say that the conclusion of the trial judge is not supported by the statutes.

The applicable sections of the statutes are 3 Comp. Laws 1929, § 12269 (Stat. Ann. § 24.46), and 3 Comp. Laws 1929, § 12660 (Stat. Ann. § 24.534). The first sets up the power of the commissioner of insurance when acting as a receiver and reads as follows:

"The commissioner of insurance or his deputy or special deputy, acting under the provisions of this chapter in any liquidation proceedings, shall have all the powers of a receiver in insolvency proceedings, and may do and perform any act for the protection of the assets or the recovery of the same, and for the settlement or discharge of the obligations of the insurance company, that may be neces-

sary or that may be directed by the court. He shall have the same authority to make assessments upon stockholders or members of the company as the officers thereof are authorized to make under the provisions of this act, and it shall be his duty to make such assessments, ratably in any case where authorized, to any extent that may be necessary to discharge the whole obligations, existing at any time during such receivership or insolvency proceedings. He may bring suit to recover and enforce such assessments in any court of competent jurisdiction against the members or stockholders, as the case may be, or, by direction of the court having jurisdiction of the liquidation, may bring such suit or suits in the circuit court without regard to the amount involved. Such receiver shall be held accountable to the circuit court of the county having jurisdiction for his actions in the premises." (3 Comp. Laws 1929, § 12269.)

The other has to do with the policy provisions of mutual companies and the conditions under which contingent premiums can be collected. It reads as follows:

"The policies shall provide for a premium or premium deposit payable in cash and, except as herein provided, for a contingent premium at least equal to the premium or premium deposit. Such mutual company may issue a policy without a contingent premium while it has a surplus equal to the capital required of a domestic stock insurance company transacting the same kinds of insurance, and in no event shall the holder of any such policy be liable for a greater amount than the premium or premium deposit expressed in the policy. If at any time the admitted assets are less than the reserve and other liabilities, the company shall immediately collect upon policies with a contingent premium a sufficient proportionate part thereof to restore such assets, provided no member shall be liable for any

part of such contingent premium in excess of the amount demanded within one year after the termination of the policy. The commissioner of insurance may, by written order, direct that proceedings to restore such assets be deferred during the time fixed in such order." (3 Comp. Laws 1929, § 12660.)

Act No. 256, pt. 1, chap. 3, § 7, Pub. Acts 1917, superseded and merged Act No. 82, §§ 17, 18, Pub. Acts 1873, and amendments thereto. See 3 Comp. Laws 1929, § 12269 (Stat. Ann. § 24.46). Act No. 82, § 17, Pub. Acts 1873, was considered in *Wardle* v. *Hudson*, 96 Mich. 432 (1893), the court saying:

"In the present case, the defendant, if liable at all, could be made so only by the contract existing between him and the insurance company. * * * The statute confers on the receiver merely the authority to levy and collect the assessment, which, without this authority, rests with the board of directors. Any defense which a party might have made against an action brought by the original party is equally available, and may be made with like effect, when the action is instituted by the receiver. High, Receivers, § 205; *Vermont & C. R. Co.* v. *Railroad Co.*, 46 Vt. 792; *Bangs* v. *Duckinfield*, 18 N. Y. 592, 597. * * * In the present case, the assessment had been made more than six years prior to suit brought. If this had been made by the board of directors, no question could have been raised but that any action would be barred. The receiver stands in no better position."

Prior to amendment by Act No. 396, Pub. Acts 1921, Act No. 256, pt. 5, chap. 3, Pub. Acts 1917 (see 3 Comp. Laws 1929, § 12660 [Stat. Ann. § 24.534]), did not contain the proviso limiting liability on contingent premiums to "the amount demanded within one year after the termination of the policy." The amendment thus imposed a limitation on actions

that might be brought to recover the amount of the contingent premiums in addition to that imposed by the general statute on limitation of actions,* which was applied in the *Wardle Case.*

The *Wardle* opinion was followed in *Pratt* v. *Broadwell,* 159 Mich. 375, and *Nichol* v. *Newman,* 160 Mich. 582. See, also, *Empire Mutual Fire Ins. Co.* v. *Hammerberg,* 263 Mich. 632.

It is undoubtedly desirable, as stated by the trial judge, that "valid claims established in the prescribed manner should be paid," and it is true that "if the objection made to the levying of assessments in this proceeding is well founded, it follows that in the ordinary winding up of a mutual insurance company there is no way to raise sufficient funds either to pay the debts or meet the costs of administration."

Appealing defendants contend that the assessment is illegal as to all assureds in the years of 1934 and 1935 because of the fact that all policies written in those years had expired more than one year prior to the appointment of the receiver and over two years prior to the time when the receiver filed the petition for authority to levy assessments.

The only persons or class of persons appealing from the order approving the assessment rolls are those who were holders of policies in plaintiff company during such years and decision therefore affects no one who was insured by the company within one year preceding the liquidation proceedings.

The statute (3 Comp. Laws 1929, § 12660, heretofore quoted) provides that "no member shall be liable for any part of such contingent premium in excess of the amount demanded within one year after the termination of the (his) policy."

---

* 3 Comp. Laws 1929, § 13976 (Stat. Ann. § 27.605).—Reporter.

At the time the custodian was appointed, neither the company nor its officers could have imposed on any of the appellants the assessment which the receiver now seeks to enforce.

The receiver has no greater right to impose assessments than that possessed by officers of the company on the date the custodian took possession.

The portion of the statute (3 Comp. Laws 1929, § 12269, heretofore quoted), providing for liquidation of insurance companies, neither expressly nor by necessary implication gives the receiver power to make or enforce the assessments in question. The trial court was in error in ordering assessments for the years of 1934 and 1935 against the appealing policyholders.

The statutory limitation may work a hardship upon creditors, but, as said in *In re Venneman's Estate,* 286 Mich. 368, 376, 377,—

"We are compelled to follow the clear and express language of the law as enacted by the legislature. The wisdom of the statute is not a matter for the consideration of the court, but is wholly within the control of the legislature. 'The remedy for the condition is * * * a legislative, and not a judicial function.'"

The order entered in the circuit court, from which leave to appeal was granted, must be vacated and the cause remanded for further proceedings not inconsistent with this opinion. Writ of mandamus may issue if found to be necessary. It is so ordered, with costs to appellants.

Sharpe, Potter, Chandler, North, McAllister, Wiest, and Butzel, JJ., concurred.