KEEHN *v.* CHARLES J. ROGERS, INC.

1. Appeal and Error—Questions Reviewable—Question of Law Raised by Affidavit Opposing Motion for Summary Judgment.

In action by receiver of foreign mutual insurance company to recover assessment levied upon resident policyholder where, after defendant had filed an answer and cause was ready for trial, plaintiff filed motion for summary judgment supported by an affidavit in proper form and defendant's so-called affidavit of merits in opposition thereto did not raise an issue of fact and was otherwise not in conformity with pertinent statute and court rule but did raise a single question of law, deemed controlling by the trial court, such question is considered as controlling by Supreme Court (3 Comp. Laws 1929, § 14260; Court Rule No. 30, § 4 [1945]).

2. Insurance—Construction of Statutes—Mutual Companies—Assessments.

Portion of insurance code specifically relating to mutual insurance companies controls over general provisions in other parts of the code relating to assessments made in liquidation of insurance companies in general (3 Comp. Laws 1929, § 12654 *et seq.*).

3. Same—Statutes—Foreign Mutual Companies.

A foreign mutual insurance company admitted to do business in this State is governed by portion of insurance code specifically applicable to mutual companies (3 Comp. Laws 1929, § 12669).

4. Same—Receivers—Assessments.

The receiver of a mutual insurance company has no greater right to impose assessments than that possessed by officers of the company on the date the custodian took possession.

5. Same—Receivers—Foreign Mutual Companies—Assessments—Demand—Limitation of Actions.

The receiver of a foreign mutual insurance company may not enforce assessment for contingent premiums on policies which had been terminated more than one year prior to his demand (3 Comp. Laws 1929, § 12660).

6. SAME—FOREIGN MUTUAL COMPANIES—DEMAND FOR ASSESSMENT —TIME.

> The time within which demand for an assessment on a policyholder of a foreign mutual insurance company must be made in this State depends upon the termination of the policy and not upon when liquidation proceedings are begun where company issued its policy in this State (3 Comp. Laws 1929, § 12660).

7. SAME—FOREIGN MUTUAL COMPANIES—ASSESSMENTS—COMITY.

> The sovereignty of the statute of another State under which a mutual insurance company was organized but which fails to fix a limit as to the time when an assessment can be demanded from its policyholder in this State does not extend beyond territorial limits of that State except so far as is allowed by State comity (Illinois Rev. Stat. 1935, chap. 73, §§ 376–442a).

8. JUDGMENT—FULL FAITH AND CREDIT—COMITY—REMEDY.

> While a decree of another State finding a mutual insurance company, organized under its laws, to be insolvent and vesting its property and assets in a receiver for liquidation must be given full faith and credit by the courts of this State, the remedy of such receiver to sue a domestic corporation in this State on a contract made herein can be effective in the courts of this State only on the ground of comity, not by constitutional mandate.

9. CONFLICT OF LAWS—COMITY.

> The rule of comity is not allowed to operate when it will contravene the rights of a citizen of the State where the action is brought.

10. SAME—CONTRACTS—GOVERNING LAW.

> Contractual rights are governed by the law of the State in which the contract is made.

11. JUDGMENT—SCOPE OF DETERMINATION—ASSESSMENT BY RECEIVER OF FOREIGN MUTUAL INSURANCE COMPANY.

> Where the duly-authorized action of the receiver of a foreign mutual insurance company in making an assessment is the basis of present action against holder of policy issued in this State to collect such assessment herein, neither the action of the court of the other State declaring company insolvent and authorizing the assessment nor the receiver's levy thereof adjudicated defendant policyholder's liability for an assessment or the amount thereof if it be determined.

Appeal from Wayne; Murphy (George B.), J. Submitted April 4, 1945. (Docket No. 34, Calendar No. 42,967.) Decided May 14, 1945. Rehearing denied October 8, 1945. Certiorari denied by Supreme Court of the United States January 28, 1946.

Assumpsit by Roy D. Keehn, receiver of Central Mutual Insurance Company of Chicago, against Charles J. Rogers, Inc., for assessment on mutual insurance policy. Summary judgment for plaintiff. Defendant appeals. Reversed without new trial.

*Miller, Canfield, Paddock & Stone,* for plaintiff.

*Kelly, Kelly & Kelly,* for defendant.

BOYLES, J. This is an appeal from a summary judgment granted plaintiff in the circuit court for Wayne county, in a suit by plaintiff, an Illinois receiver for an insolvent Illinois mutual insurance company, to collect an assessment on a mutual policy of insurance. The defendant, a former policyholder, appeals, claiming that the Michigan mutual insurance law bars plaintiff from recovery because no demand for payment of an assessment was made on the defendant until after a year had elapsed from the termination of the policy in question.

The facts are not in dispute. In 1937 Central Mutual Insurance Company of Chicago, an Illinois corporation, was decreed insolvent by an Illinois court of competent jurisdiction. Plaintiff Roy D. Keehn was appointed receiver to liquidate its business. In 1940 the receiver was authorized and directed by the Illinois court to make and collect an assessment of 100 per cent. against holders of policies of insurance in said company from January 31, 1935, to January 11, 1937, both inclusive. The de-

fendant herein was such a policyholder. In 1941 the receiver made such an assessment against the defendant, and on or about April 11, 1941, demanded payment from the defendant. Defendant refused to pay, and plaintiff brought the instant suit in the circuit court for Wayne county to collect the said assessment.

The defendant filed an answer denying many of the material facts alleged in the declaration. Thereafter, the cause being at issue and ready for trial, the plaintiff filed a motion for summary judgment, supported by an affidavit in proper form. The defendant filed a so-called affidavit of merits in opposition to the motion which does not raise any issues of fact and is otherwise not in conformity with the statute (3 Comp. Laws 1929, § 14260 [Stat. Ann. § 27.989]), nor in compliance with Court Rule No. 30, § 4 (1945), sufficient to prevent the entry of a summary judgment for plaintiff. However, defendant's affidavit in opposition to the motion raises a single question of law which was considered by the trial court to be the only issue to be decided on the motion for summary judgment, and it is so considered here. It is:

"Deponent further says that the defendant does have a complete defense to the plaintiff's cause of action as a matter of law. That under the provisions of 3 Comp. Laws 1929, § 12660, that this defendant is not liable for an assessment or contingent premium in excess of the amount demanded within one year after the termination of the policy upon which the plaintiff's action is based. That the said policy was cancelled on October 10, 1936 and that no demand was made upon this defendant within one year after said date for payment of any contingent premium or assessment."

The policy held by defendant was issued April 24, 1936, for a period of 12 months ending April 24, 1937. It was canceled October 10, 1936. The premium was calculated upon a so-called gross-receipts basis, and the premium actually earned up to the time the policy was canceled was $3,195.69. The assessment was calculated upon the average monthly premium basis, totaling $2,920.47; making the total assessment $6,116.16. The assessment was made March 19, 1940, spread and ordered collected by the Illinois court on February 5, 1941. Plaintiff made demand for payment on defendant on or about April 11, 1941, and nonpayment is admitted.

It seems to be conceded by the defendant that under the laws of Illinois the defense here urged by defendant would not prevail in the courts of that State. The Illinois statute law under which the Central Mutual Insurance Company of Chicago was organized and which governs such mutual insurance companies in Illinois (see Illinois Rev. Stat. 1935, chap. 73, §§ 376–442a) contains no such limitation as to the time within which demand for payment of an assessment must be made, such as appears in the Michigan insurance code. The defendant relies on the provisions of the policy, and the Michigan statute law, to prevent recovery in the courts of this State. The policy provides:

"*Any and all provisions of this policy, which are in conflict with the statutes of the State wherein this policy is issued* are understood, declared and acknowledged *by this company to be amended to conform to such statutes.*"

Plaintiff does not dispute defendant's claim that the policy was "issued" in Michigan.

Chapter 3 of part 5 of the Michigan insurance code (3 Comp. Laws 1929, § 12654 *et seq.* [Stat. Ann.

1943 Rev. § 24.528 *et seq.*]) sets out the general law governing mutual insurance companies in this State. Section 7 of said chapter 3 of part 5 (3 Comp. Laws 1929, § 12660 [Stat. Ann. 1943 Rev. § 24.534]) is as follows:

"The policies shall provide for a premium or premium deposit payable in cash and, except as herein provided, for a contingent premium at least equal to the premium or premium deposit. Such mutual company may issue a policy without a contingent premium while it has a surplus equal to the capital required of a domestic stock insurance company transacting the same kinds of insurance, and in no event shall the holder of any such policy be liable for a greater amount than the premium or premium deposit expressed in the policy. If at any time the admitted assets are less than the reserve and other liabilities, the company shall immediately collect upon policies with a contingent premium a sufficient proportionate part thereof to restore such assets, *provided no member shall be liable for any part of such contingent premium in excess of the amount demanded within one year after the termination of the policy.* The commissioner of insurance may, by written order, direct that proceedings to restore such assets be deferred during the time fixed in such order."

Defendant relies on that part of the above section in italics to bar plaintiff from recovery. Admittedly defendant's policy was terminated October 10, 1936, and no demand for an assessment (contingent premium) was made until about April 11, 1941. Defendant contends that the provision in the policy hereinbefore quoted, plus the above-italicized statutory provision, controls and stands in the way of plaintiff's enforcing the assessment in this State.

The Central Mutual Insurance Company of Chicago was doubtless admitted to do business in this

State under and by virtue of chapter 3 of part 5 of the Michigan insurance code, *supra*. This is the only chapter in the insurance code specifically governing mutual insurance companies such as the Central Mutual Insurance Company of Chicago and domestic mutual companies organized for similar purposes. This court has held that said chapter 3 of part 5 of the code applies specially to mutual companies and that as to such companies its provisions control as against general provisions in other parts of the code relating to assessments made in liquidation of insurance companies in general. *Central Mutual Auto Insurance Co.* v. *Insurance Commissioner*, 292 Mich. 309. That this chapter of the insurance code (governing mutual insurance companies) is intended to apply to foreign mutual insurance corporations authorized to do business in Michigan is made plain by section 16 of this chapter (3 Comp. Laws 1929, § 12669 [Stat. Ann. 1943 Rev. § 24.543]), from which we quote:

"Any mutual insurance company organized outside of this State and authorized to transact the business of insurance on the mutual plan in any State, district or territory, shall be admitted and licensed to transact the kinds of insurance authorized by its charter or articles of association *to the extent and with the powers and privileges specified in this chapter,* when it shall be solvent under this chapter and shall have complied with the following requirements:        *        *        *

"Upon compliance by any such foreign company with the provisions of this section, such company shall be licensed and authorized to transact business in this State."

We conclude that the Central Mutual Insurance Company of Chicago, upon being admitted to do business in Michigan, is governed in this State by

the provisions of said chapter 3 of part 5 of the insurance code.

Section 7 of chapter 3 of part 5, quoted above (3 Comp. Laws 1929, § 12660 [Stat. Ann. 1943 Rev. § 24.534]), applying specially to assessments in mutual insurance companies, has been construed by this court to bar collection of an assessment for a domestic mutual insurance company where the demand for payment had not been made within one year after the termination of the policy. The receiver for Central Mutual Auto Insurance Company (292 Mich. 309, *supra*) (not to be confused by the name, with the Central Mutual Insurance Company of Chicago), organized in this State, sought leave of court to make an assessment against its member policyholders. The circuit judge held that the assessment might be made against policyholders after the lapse of one year from the termination of their policies, relying on the general provisions of the insurance code relating to the liquidation of insurance companies generally, under the supervision of the commissioner of insurance acting as receiver (Insurance code, pt. 1, chap. 3, § 7 [3 Comp. Laws 1929, § 12269 (Stat. Ann. 1943 Rev. § 24.46)]). This theory was rejected by this court, and it was held that the provisions of chapter 3 of part 5 governing mutual insurance companies, and particularly the limitation as to the time during which demand for payment of assessment must be made, controlled. We quote from the opinion (p. 315):

"Appealing defendants contend that the assessment is illegal as to all assureds in the years of 1934 and 1935 because of the fact that all policies written in those years had expired more than one year prior to the appointment of the receiver and over two years prior to the time when the receiver filed the petition for authority to levy assessments.

"'The only persons or class of persons appealing from the order approving the assessment rolls are those who were holders of policies in plaintiff company during such years and decision therefore affects no one who was insured by the company within one year preceding the liquidation proceedings.

"The statute (3 Comp. Laws 1929, § 12660, heretofore quoted) provides that 'no member shall be liable for any part of such contingent premium in excess of the amount demanded within one year after the termination of the (his) policy.'

"At the time the custodian was appointed, neither the company nor its officers could have imposed on any of the appellants the assessment which the receiver now seeks to enforce.

"The receiver has no greater right to impose assessments than that possessed by officers of the company on the date the custodian took possession.

"The portion of the statute (3 Comp. Laws 1929, § 12269, heretofore quoted), providing for liquidation of insurance companies, neither expressly nor by necessary implication gives the receiver power to make or enforce the assessments in question. The trial court was in error in ordering assessments for the years of 1934 and 1935 against the appealing policyholders."

Plaintiff points out that the instant liquidation proceedings were begun within a year from the time defendant's policy was issued and argues that the above case is not authority as applied to a policyholder who was insured within one year preceding the liquidation proceedings. The question decided in that case was whether a policyholder was liable for assessment when no demand was made within a year *from the time the policy was terminated,* which is the same question that is before us in the instant case. The time element is controlled by

the date of termination of the policy, not by the
time when liquidation proceedings are begun.

Plaintiff was granted summary judgment on the
theory that there is a conflict of laws between the
two States, that the absence of any similar limita-
tion in the mutual insurance law of Illinois governs
as to the time within which demand for payment
of the assessment must be made.   Under the cir-
cumstances of the case at bar, the sovereignty of
the Illinois statute which fails to fix a limit as to
the time when an assessment can be demanded does
not extend beyond territorial limits of that State
except so far as is allowed by State comity.  *Colvin*
v. *Jones,* 194 Mich. 670.   While the decree of the
Illinois court finding the Central Mutual Insurance
Company of Chicago to be insolvent and vesting its
property and assets in a receiver for liquidation
must be given full faith and credit by the courts of
Michigan, the decree and the mutual insurance stat-
ute law of Illinois are both silent as to when demand
for payment of assessment for a mutual insurance
company must be made.   The remedy of the receiver
to sue the defendant, a Michigan corporation, in
the Michigan court, on a contract made in Michigan,
can be effective in the courts of this State only on
the ground of comity, not by constitutional man-
date.  *U. S. Truck Co.* v. *Pennsylvania Surety
Corp.,* 259 Mich. 422.   The rule of comity is not
allowed to operate when it will contravene the rights
of a citizen of the State where the action is brought.
*Baldwin* v. *Wayne Circuit Judge,* 101 Mich. 119
(25 L. R. A. 739).   Plaintiff concedes the general
rule that contractual rights are governed by the
law of the State in which the contract is made (see
*Amos* v. *Walter N. Kelley Co.,* 240 Mich. 257), but
contends that the circumstances of the present case

require that an exception be made to the general rule and that the levy of the assessment by the receiver must be considered as a judgment or decree and must be given full faith and credit in the courts of this State. The action of the Illinois receiver, who was authorized and directed to make the assessment and did so, is the foundation for the present suit to collect the assessment thus made. Neither the action of the Illinois court nor the levy by the receiver adjudicated the individual liability of this defendant for an assessment, or the amount of such liability if it be determined. The receiver levied an assessment against this defendant based 'on defendant's contractual liability on the policy here in question, and defendant's liability is open to determination in the case at bar. In effect, the foregoing is in accord with the opinion of the Illinois court in *People, ex rel. Palmer,* v. *Central Mutual Insurance Company of Chicago,* 313 Ill. App. 84 (39 N. E. [2d] 400), affirming the action of the lower court in authorizing and directing an assessment, where the court based the right to assess upon the contractual rights of the parties and held that the receiver had no other or greater right to make an assessment than was possessed by the directors of the company itself. The court cited with approval the leading case of *Relfe* v. *Rundle,* 103 U. S. 222 (26 L. Ed. 337), and said (p. 105):

"The salient fact that policyholders have contingent liabilities, contractual in their nature, assumed by them when they became members, fixed by statute, bylaws and policies, which constitute assets of the company to be collected in the course of liquidation, underlies the various theories upon which the courts have upheld assessments, whether levied by the directors of insurance, receivers or

liquidators, under the court's direction. Being assets which pass to the receiver, he is delegated to deal with them 'in his own name as receiver or in the name of such company, as the court may by order direct, and as such receiver (he) shall be vested by operation of law with title to all of the property, contracts and rights of action * * * as of the date of the order so directing liquidation' (Illinois Rev. Stat. 1935, chap. 73, § 498). Because of these circumstances, the levy of an assessment on policyholders is nothing more nor less than the exercise, by the receiver, of contractual rights vested in him by the liquidation decree, and amounts to no more than a demand for payment of the contingent liability which they assumed; and the levy is, in essence, a demand by the receiver of the assets in liquidation, title to which was vested in him, for payment of this liability.''

The policy in question was terminated October 10, 1936, and no demand for payment was made until about April 11, 1941. We conclude that the defendant is not liable for the assessment, and the judgment is set aside without new trial.

STARR, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and REID, JJ., concurred.