The Court of Common Pleas in the instant case found the issues in favor of the defendant (appellee) and, after overruling motions for judgment notwithstanding the verdict and for a new trial, entered judgment for defendant. The Court of Appeals found there was no error apparent on the record prejudicial to the receiver and affirmed the judgment.
The opinion of the Court of Appeals discloses that its judgment was predicated upon two conclusions: (1) That the judgment of the Illinois court upon the facts disclosed by the record is not entitled to full faith and credit under the federal Constitution when asserted against an Ohio corporation in an Ohio court, and (2) that the receiver is barred from recovery of the amount of the assessment, by virtue of the provisions of Section 9607-16, General Code of Ohio.
Our conclusions are dependent on the application of the law to the undisputed facts.
The first question to engage our attention is whether upon the facts disclosed by the record in the instant case the judgment of the Illinois court is entitled to full faith and credit under the provision of the federal Constitution.
The Illinois Circuit Court of Cook county (Chicago) had plenary jurisdiction both of the subject matter and the parties in the suit entitled "The People of the State of Illinois exrel. Ernest Palmer, Director of Insurance of the State ofIllinois, v. Central Mutual Insurance Company of Chicago, aCorporation." In the exercise of its jurisdiction that court possessed the power to determine and did determine that the company was insolvent, that a receiver should be appointed to collect the assets and to liquidate the business, and that an assessment upon the members was necessary to satisfy the claims of creditors. See Keehn, Recr., v. Charles J. Rogers, Inc.,311 Mich. 416, *Page 49 18 N.W.2d 877, and People, ex rel. Palmer, v. Central Mutual Ins. Co. ofChicago, 313. Ill. App., 84, 39 N.E.2d 400.
Whether the Illinois court had the power to order the receiver to levy any assessment and if so to fix the amount thereof was dependent upon the contract and the law of Illinois regulating mutual insurance companies.
Both of those questions were contested by the company in the Illinois courts wherein it was determined that under the contract and the law of Illinois the court had the power to order the receiver to levy the assessment as well as the power to determine the amount thereof. See People, ex rel. Palmer, v.Central Mutual Ins. Co. of Chicago, supra.
The Illinois courts having determined those questions, all members of the company whether resident or nonresident of Illinois were bound by that judgment; hence no member, in an action to recover the amount of the assessment, had the legal right to relitigate the questions of insolvency, the necessity for or the amount of the assessment. Keehn, Recr., v. CharlesJ. Rogers, Inc., supra; Miller v. Barnwell Bros., Inc.,137 F.2d 257; Lyle v. Keehn, Recr., 195 Ga. 508,24 S.E.2d 655.
If the appellee was a member of the company during the period for which the assessment was levied, it was bound by the judgment even though it was not served with summons. SeeHawkins v. Glenn, 131 U.S. 319, 33 L.Ed., 184, 9 S.Ct., 739;Hancock National Bank v. Farnum, 176 U.S. 640, 44 L.Ed., 619,20 S.Ct., 506; Bernheimer v. Converse, 206 U.S. 516,51 L.Ed., 1163, 27 S.Ct., 755; Converse, Recr., v. Hamilton,224 U.S. 243, 260, 56 L.Ed., 749, 32 S. Ct., 415, Ann. Cas. 1913D, 1292; Selig v. Hamilton, Recr., 234 U.S. 652,58 L.Ed., 1518, 34 S.Ct., 926, Ann. Cas. 1917A, 104; Marin, Recr., v.Augedahl, 247 U.S. 142, 62 L.Ed., 1038, 38 S.Ct., 452;Broderick, Supt. of Banks, v. *Page 50 Rosner, 294 U.S. 629, 79 L.Ed., 1100, 55 S.Ct., 589, 100 A.L.R., 1133; and Chandler, Recr., v. Peketz, 297 U.S. 609,80 L.Ed., 881, 56 S.Ct., 602.
In the case of Pink, Supt. of Ins., v. A. A. A. HighwayExpress, Inc., 314 U.S. 201, 86 L.Ed., 152, 62 S.Ct., 241, 137 A. L. R., 957, involving the New York insurance law, it is said:
"It is a familiar rule that those who become stockholders in a corporation subject themselves to liability for assessment when made in conformity to the statutes of the state of its organization, although they are not made parties to the proceeding for levying it. * * * Whether we support these legal consequences by reference to consent of the stockholder or to his assumption of a corporate relationship subject to the regulatory power of the state of incorporation, in either case the procedure conforms to accepted principles, involves no want of due process, and is entitled to full faith and credit so far as the necessity and amount of the assessment are concerned. See Christopher v. Brusselback, 302 U.S. 500 [82 L.Ed., 388,58 S.Ct., 350], and cases cited. The like principle has been consistently applied to mutual insurance associations, where the fact that the policyholders were members was not contested."
Ohio has followed that general rule, holding that, in an action for the appointment of a receiver and to decree a necessary assessment, the policyholders were neither necessary nor proper parties. See Swing, Trustee, v. Rose, 75 Ohio St. 355, 79 N.E. 757.
We conclude upon this branch of the case that all members of the company were represented by the company in the Illinois suit, and that there was no lack of due process by reason of the fact that the members were not served with process in that action.
The Court of Appeals, therefore, erred in finding that the judgment of the Illinois court was not entitled *Page 51 
to full faith and credit in the courts of this state, to the extent heretofore indicated, in an action by the receiver of the insolvent company against an Ohio policyholder to collect the assessment levied by order of such Illinois court.
However, in our view the answer to the question of whether the judgment of the Illinois court is entitled to full faith and credit is not dispositive of this case.
The second question is: What are the rights and liabilities of the respective parties in the instant case? The answer is dispositive here.
Before proceeding to a consideration of that question certain facts should be brought clearly to mind.
The contract, which is the basis for the determination of the rights and liabilities of the receiver of the company as well as those of the appellee, was made, executed and to be performed in the state of Ohio. The contract, which was for the period of one year from March 1, 1935, was cancelled by act of the company on July 3, 1935. The company continued to do business in Ohio until January 11, 1937. The assessment was levied by the receiver on March 19, 1940, and appellee was notified of such assessment by letter dated February 8, 1941.
It should also be made perfectly clear that the Illinois court did not render or attempt to render a personal judgment against any policyholder. Each policyholder, when sued by the receiver to collect the amount of the assessment, of necessity would be served with process and, although in such action he could not relitigate the questions of the solvency of the company, the appointment of the receiver or the necessity for or the amount of the assessment, he could set up any defense personal to himself against the payment of the assessment.
This Illinois corporation was without authority to transact business in Ohio except upon the terms and *Page 52 
conditions provided by law, and it is equally clear that by the terms of the policy the law of Ohio became a part of the contract of insurance. That being true the contract is to be construed according to the law of Ohio.
The first step in the solution of the ultimate problem is to determine whether and when and for what period of time the appellee was a member of the company.
The policy provides: "* * * The assured is given and hereby accepts notice that by virtue of this policy he is a member of the Central Mutual Insurance Company of Chicago * * *."
Section 9607-6, General Code, provides:
"Except as otherwise provided by law, every policyholder of a domestic mutual company shall be a member while his policy is in force, and entitled to one vote and no more."
By virtue of the terms of the policy the appellee became a member of the company on March 1, 1935, the effective date of the policy, and by virtue of the statute it continued to be a member until July 3, 1935, the date on which the company cancelled the policy. As a member appellee was liable to pay its proportional part of any assessment levied by the company in accordance with law and its contract on account of losses and expenses incurred while it was a member.
We come now to the crux of this controversy.
The Illinois statute of 1925 under which this assessment was levied provided no limitation as to time after loss within which the assessment should be levied and the member notified. See Keehn, Recr., v. Charles J. Rogers, Inc., supra, and Miller
v. Barnwell Bros., Inc., supra.
Section 9607-16, General Code of Ohio, reads in part as follows:
"Each policyholder shall be liable to pay hisproportional *Page 53 
part of any assessments which may be laid by the company in accordance with law and his contract, on account of losses and expenses incurred while he was a member, if he is notified ofsuch assessment within one year after the expiration orcancellation of his policy; and when an assessment is ordered, the directors shall forthwith cause written notice and demand for payment to be made upon each person subject thereto, by mail or personal service." (Emphasis supplied.)
The receiver contends that the statute does not apply for several reasons: (1) That the quoted section should be read in conjunction with Sections 9607-14 and 9607-15, General Code, and that all three sections apply only to domestic mutual companies.
That contention might be true if the language of those three sections only was to be considered. It hardly would seem probable that the General Assembly of Ohio would grant to a foreign mutual insurance company greater powers and privileges than are granted to a domestic company. However, such contention is forever put at rest by the provisions of Section 9607-19, General Code, which reads as follows:
"A foreign mutual company shall be admitted to transact the kinds of insurance authorized by its charter or articles of incorporation to the extent and with the privileges and powerspermitted by law to domestic mutual companies when such companyshall be solvent and shall transact its business according tothe requirements of law applicable to like domestic mutualinsurance companies." (Emphasis supplied.)
The conclusion is inescapable that if the directors of the company had levied an assessment on January 11, 1937, against an Ohio member whose policy the company had cancelled on July 3, 1935, the statute (Section 9607-16, General Code) would provide a complete barrier to its collection. *Page 54 
(2) The receiver further contends that by reason of the fact that the company, at some unknown time prior to December 1, 1936, became insolvent, an assessment levied by its receiver on March 19, 1940, of which the member received notice on February 8, 1941, which was more than five years after the cancellation of the policy, is not barred. In other words the receiver claims that the statute applies only to an assessment levied by the directors of a going company.
We deem it well settled that a receiver of an insolvent mutual insurance company has no greater right to impose and collect an assessment than that possessed by the directors of such company on the date he took possession. See Central MutualAuto Ins. Co. v. Insurance Commr., 292 Mich. 309,290 N.W. 808.
As we read and construe Section 9607-16, General Code, it is not a statute of limitation, but it imposes compliance with a condition precedent to the exercise of a given right. See 19 Am. and Eng. Ency. of Law (2 Ed.), 150.
In the case of Crandall v. Irwin, 139 Ohio St. 253,39 N.E.2d 608, 139 A. L. R., 895, in recognizing that distinction this court held:
"Where the limitation of time is an inherent part of a right unknown to the common law and created by statute, time is of the essence, and there is no right unless the action or proceeding to enforce such right is commenced within the statutory limit. A lapse of the statutory period operates to extinguish the right altogether."
Applying that principle "time is of the essence," to Section 9607-16, General Code, where a mutual insurance company authorized to do business in Ohio, or its receiver, fails to notify an Ohio policyholder of an assessment within one year after the expiration or cancellation of his policy, the right to collect such assessment is extinguished. *Page 55 
In our opinion the receiver is not entitled to prevail under the applicable law. This conclusion is in harmony with the conclusion reached by the Supreme Court of Michigan in the case of Keehn, Recr., v. Charles J. Rogers, Inc., supra.
In the Michigan case the court was considering an action based upon the same assessment as here considered, and brought by the same receiver under a Michigan statute (Section 7, Chapter 3, Part 5, 3 Comp. Laws, 1929, Section 12660), which, as to liability of a policyholder, reads as follows: "* * * provided no member shall be liable for any part of such contingent premium in excess of the amount demanded within one (1) year after the termination of the policy." It was determined there that the Michigan statute applied and recovery was barred.
A comparison of Section 9607-16, General Code, upon the subject of liability with that part of the Michigan statute above quoted makes it perfectly apparent that the statutes in legal effect are substantially the same as to the liability of a policyholder.
Our attention is directed to the case of Beha, Supt. of Ins., v. Weinstock, 247 N.Y. 221, 160 N.E. 17, as an authority in support of the receiver's contention.
We have carefully examined that case and make this brief comment.
There the casualty company was in business only about three months after the expiration of the policy prior to the time the Superintendent of Insurance of New York took possession, and most important is the fact that a casual reading of Section 346 of the New York Insurance Law (Cons. Laws, Ch. 28, amd. L. 1922, Ch. 417) will disclose that that statute was, at the time of the decision, vastly different in its terms from our statute. Construing the particular language employed in Section 346, supra, the New York Court of Appeals concluded that the section applied only to *Page 56 
assessments levied by the corporation as a going concern.
We conclude, therefore, that the New York decision (supra) is not persuasive here.
The General Assembly of Ohio has protected the policyholders in a domestic mutual insurance company against being required to pay any assessment levied more than one year after the expiration or cancellation of their policies. No persuasive reason has been advanced which would support the conclusion that the General Assembly intended the policyholders in a foreign or alien insurance company authorized to do business in Ohio to be subjected to any greater hazard with respect to an assessment than policyholders in a domestic company.
We do not think any such distinction is required by the language of the statute or that such a distinction was intended by the General Assembly.
It follows from what has been said that the judgment of the Court of Appeals should be and hereby is affirmed.
Judgment affirmed.
WEYGANDT, C.J., MATTHIAS and HART, JJ., concur.
TURNER, J., concurs in paragraphs one, two, four and five of the syllabus and in the judgment.
ZIMMERMAN and WILLIAMS, JJ., dissent.