KEEHN *v.* ARMSTRONG.

(*Nashville*, December Term, 1947.)

Opinion filed February 28, 1948.

IRA W. HURLEY, of Chicago, Ill., and JAMES S. SHIELDS, of Memphis, for plaintiff in error.

McDONALD, McDONALD & KUHN, J. A. OSOINACH and WM. L. TERRY, JR., all of Memphis, for defendant in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This suit was brought in the Circuit Court of Shelby County to recover a debt in the amount of $622.68 and interest. Plaintiff is the receiver of the insolvent Central Mutual Insurance Company of Chicago, appointed by the Circuit Court of Cook County, Illinois. The suit arose under certain assessments provided for by the terms of three policies of automobile liability insurance. The assessments were made by the receiver and confirmed by the Illinois Court on March 19, 1940, and are in the amount of 100 per cent of the premiums expressed or named in the respective policies on all individuals and corporations who at any time from January 31, 1935, to January 11, 1937, were holders of a policy or policies of insurance issued by said company.

The trial judge sustained the contention of the defendant that the claim was barred by the six-year statute of limitations (Williams' Code, sec. 8600), and dismissed the suit. The Court of Appeals reached the same conclusion but upon a different ground, i. e., that the company had not complied with our statute at the time of the execution of the contracts of insurance and could not recover upon the assessments in this state.

The insistence of the receiver is that the provisions of section 6334 of Williams' Code, relating to the admission of a foreign mutual insurance company to do business in Tennessee, are not applicable once such company has been licensed and authorized to do business in the state. The first paragraph of said section reads as

follows: ''Any mutual insurance company organized outside of this state and authorized to transact the business of insurance on the mutual plan in any state, district, or territory, shall be admitted and licensed, subject to the approval of the commissioner as aforesaid, to transact the kinds of insurance authorized by its charter or articles to the extent and with the powers and privileges specified in this act and when it shall be solvent under this statute, and shall have complied with the following requirements:''

The test of insolvency is prescribed by Section 6331 and reads in part as follows: ''Such company not possessed of assets at least equal to the unearned premium reserve and other liabilities shall make an assessment upon its members liable to assessment to provide for such deficiency, . . . ''

The case of *Keehn et al.* v. *Hodge Drive-It-Yourself, Inc.*, 53 N. E. (2d) 69, was decided by the Court of Appeals of Ohio in 1943, and affirmed by the Supreme Court in 1945 in 146 Ohio St. 45, 64 N. E. (2d) 117. The plaintiff in that case and in the present case is the same receiver. The Ohio statute (General Code, sec. 9607-19) construed in that case provides: ''A foreign mutual company shall be admitted to transact the kinds of insurance authorized by its charter or articles of incorporation to the extent and with the privileges and powers permitted by law to domestic mutual companies when such company shall be solvent and shall transact its business according to the requirements of law applicable to like domestic mutual insurance companies.''

The Court of Appeals of Ohio held that the above-quoted statute required that the company must be solvent at the time of the execution of its insurance contract, and

remain solvent, to be legally doing business in that state, and said: "The Illinois Court found on January 11, 1937, that on or about December 31, 1936, a gross impairment of assets totaled over $1,000,000, and that before December 1, 1936, the Company was insolvent, did not have the assets required by law for doing a mutual insurance business and that the Board of Directors knew that fact, but made no assessment. On March 19, 1940, the Court found the allegations of the petition true (the petition not appearing in this record) and made the assessment of 100% or one time the cash premium on all who at any time from March 31, 1935, to January 11, 1937, held policies of insurance in the Company, and that the same was proper, necessary, and advisable. It would seem that the finding of insolvency before December 1, 1936, and the assessment period as fixed between January 31, 1935, and January 11, 1937, coupled together, are tantamount to a finding that the company was insolvent between the dates named in the assessment order. If this be true the Company was operating illegally in Ohio under the statute quoted above, and if insolvent at the time defendant bought the policy, surely defendant is entitled to defend on that ground, . . . " 53 N. E. (2d) pages 72, 73.

We do not think the narrow construction insisted upon by the receiver can be placed on Section 6334 of the Code. We think it was the legislative intent that a foreign mutual insurance company must be solvent when it is admitted to do business in this state, and remain solvent, to continue in such business.

Section 6350 of the Code provides that foreign mutual fire insurance companies, in order to do business in this state, must maintain solvency, and reads as follows: "Every such mutual fire insurance company, in order to

do business in this state, must have and maintain in admitted assets over and above liabilities, including its re-insurance reserve, of not less than fifty thousand dollars; and in addition it must have and maintain contingent assets of not less than one hundred and fifty thousand dollars; or in lieu of the above it must have and maintain a net cash surplus of not less than one hundred thousand dollars. Contingent assets are defined to mean the amount of the policyholders' liability for any unpaid premiums or assessments.''

We are of opinion that the Legislature intended that mutual insurance companies doing business in this state under Section 6334 were to maintain solvency, as was expressly required by Section 6350. The statute (Code, sec. 6350) expressly requiring the maintenance of solvency of mutual fire insurance companies was passed in 1907, while the statute under consideration (Code, sec. 6334) was passed in 1919.

■ The record clearly shows that the company was insolvent when the policies here involved were executed, and it was not complying with our statute at the time of the execution of the contracts of insurance and cannot recover upon the assessments in this state.

The writ is accordingly denied.

All concur.