*G. O. Shattuck & O. W. Holmes, Jr.,* for the defendant.

———

COMMONWEALTH, by Insurance Commissioner, *vs.* MONITOR MUTUAL FIRE INSURANCE COMPANY.

In making an assessment to pay the just claims against a mutual insurance company under Gen. Sts. *c.* 58, §§ 48, 54, the deposit notes should first be exhausted before resorting to the further liability imposed by law upon the policy holders as members of the corporation.

PETITION to affirm an assessment made by the directors of the Monitor Mutual Fire Insurance Company, an insolvent mutual fire insurance company, which upon the petition of the Insurance Commissioner had been enjoined from the further prosecution of the business of insurance. The case is stated in the opinion.

*W. G. Colburn*, in support of the assessment.

WELLS, J. The single question, presented in this case for our decision, is whether, in making an assessment to pay the just claims against a mutual insurance company, under Gen. Sts. c. 58, §§ 48, 54, the deposit notes should first be exhausted, before resorting to the further liability imposed by law upon the policy holders, as members of the corporation.

In the case of *Appleton Insurance Co.* v. *Jesser*, 5 Allen, 446, it was held that such notes must first be exhausted. In *Long Pond Insurance Co.* v. *Houghton*, 6 Gray, 77, an order for collection of the deposit notes in full, and a further uniform percentage upon the contingent liability under the statute, was sustained as to the notes even against one who was not liable for the assessment. In *Shawmut Insurance Co.* v. *Stevens*, 9 Allen, 332, an order for collection of deposit notes in full, without the form of an assessment, was sustained. It is contended that the decision upon this point in 5 Allen, 446, turned upon the distinction, which has sometimes been suggested, between absolute and conditional funds, as applied to deposit notes. But the only difference, in this respect, consists in the degree to which the collection of such notes is placed within or removed from the mere discretion of the directors, by the form of the note or the by-laws of the company. In their essential character such notes are the same. They are, in whatever form given, alike a part of the contract price, or consideration of the insurance. They constitute, by the terms of the contract, and the character of the association, a reserved fund, or an investment of part of the capital of the corporation. They are assets, in the sense of property, because they arise out of the contract, as the consideration. The directors may adopt the form of an assessment as a convenient mode of apportionment for the collection of money from the deposit notes; or they may be required to do so by the terms of the notes or the by-laws of the corporation. For securing the rights of creditors an assessment upon the members may be required to be made under the statute, whether there are notes that might be collected otherwise or not. But the application of such an assessment, as between the members themselves, must be de-

termined by the character of the liability which is subject to the assessment ; and not by the mode in which it is required to be, or in which it is, in fact enforced.

The statute liability, outside of the deposit note, is not property of the corporation ; but is rather an indemnity imposed by law upon the members as corporators. It is in some sense collateral to the liability of the corporation ; to be availed of in case of its insolvency. And we are of opinion that it is not to be resorted to unless in case of necessity, when the debts have exhausted the entire capital and assets of the corporation, including all rights which it holds by contract as property.

The statute liability is indeed sometimes. covered by stipulations in the contract of insurance. But such stipulations are by way of recognition of that superadded liability, rather than as part of the consideration of the contract.

As the assessment in this case is made upon the members indiscriminately without distinguishing between their liability upon their notes and under the statute, it must be

*Altered accordingly.*