JAMES A. BEHA, Superintendent of Insurance of the State of New York, Appellant, *v.* WILLIAM L. WEINSTOCK, Respondent.

Insurance — corporations — liquidation — assessment — notice — mutual automobile casualty corporations — assessment of members — provision in Insurance Law for notice within one year after expiration of policy not applicable to assessments made in liquidation proceedings — failure to give notice within year no defense to action by Superintendent of Insurance to recover assessment.

1. The provision for notice in section 346 of the Insurance Law (Cons. Laws, ch. 28, amd. L. 1922, ch. 417), requiring every member of a mutual automobile casualty corporation to pay his proportionate share of any assessment that may be laid by the corporation in accordance with law and his contract, " if he is notified of such assessment within one year after the expiration or cancellation of his policy," relates to assessments made by the corporation as a going concern and does not apply to liquidation proceedings.

2. In an action, therefore, brought by the Superintendent of Insurance to recover an assessment levied on defendant, who was a policyholder in such a casualty corporation at the time the Superintendent took possession thereof, pursuant to section 63 of the Insurance Law, for the purpose of liquidating its business, a defense that the defendant was not notified of the assessment within one year after the expiration of his policy is insufficient.

*Beha* v. *Weinstock,* 221 App. Div. 822, reversed.

(Argued January 9, 1928; decided January 20, 1928.)

APPEAL, by permission, from a judgment, entered October 8, 1927, upon an order of the Appellate Division of the Supreme Court in the third judicial department, which unanimously affirmed an order of Special Term granting defendant's motion for judgment on the pleadings.

*Clarence C. Fowler, Alfred C. Bennett* and *Pinckney Estes Glantzberg* for appellant. The Superintendent, by the suit at bar, seeks to enforce only the statute liability

of the defendant voluntarily assumed by the defendant when he accepted and retained the policy of insurance. (*Commonwealth* v. *Monitor Ins. Co.*, 112 Mass. 150; *Commonwealth* v. *Massachusetts Ins. Co.*, 112 Mass. 116; *Matter of Equitable Reserve Fund Life Assn.*, 131 N. Y. 354; *New York Life Ins. Co.* v. *Statham*, 93 U. S. 24; 1 Joyce on Insurance, 114.)

*Ferdinand I. Haber* for respondent. Both under the policy contract and the statute, definite and specific conditions precedent must be fulfilled before a policyholder can become liable to assessment: (1) A condition that the policyholder be notified of an assessment within one year after the expiration or cancellation of his policy; (2) that the policyholder be assessed only on account of losses and expenses during his membership, or a proportionate part of a deficiency for a definite period based upon the premium earned upon his policy during the deficiency period. (*Beha* v. *Breger*, 130 Misc. Rep. 235.) The Superintendent of Insurance as liquidator is the successor of the corporation and bound by the same limitations and methods of enforcing assessment liability as the corporation itself. (*Bell* v. *Shibley*, 33 Barb. 610; *Savage* v. *Medbury*, 19 N. Y. 32; *Devendorf* v. *Beardsley*, 23 Barb. 656; *Matter of Bean* v. *Stoddard*, 207 App. Div. 276; 238 N. Y. 618; *Matter of Casualty Co.*, 244 N. Y. 443; *Commonwealth* v. *Mass. Ins. Co.*, 112 Mass. 116; *Commonwealth* v. *Monitor Ins. Co.*, 112 Mass. 150; *Matter of Equitable Reserve Fund Life Assn.*, 131 N. Y. 354.) The complaint is insufficient because it affirmatively appears therefrom that the policyholder was not notified of the assessment within one year from the expiration of his policy. (*Bangs* v. *McIntosh*, 23 Barb. 581; *Federal Ins. Co.* v. *Resinger*, 46 Ind. App. 146; *Decker* v. *Citizens Ins. Co.*, 51 Mich. 243; *Milwaukee Trust Co.* v. *Farmers Ins. Co.*, 115 Wis. 371; *Castner* v. *Ins. Co.*, 50 Mich. 273; *Sands* v. *Graves*, 58 N. Y. 94.)

CRANE, J.    The National Automobile Mutual Casualty Company was organized as a corporation and conducted an insurance business under and by virtue of article 10-B of the Insurance Law of the State of New York (Cons. Laws, ch. 28), and had its principal office for the transaction of business at 75 Maiden Lane, in the city of New York.

On June 28, 1923, the Superintendent of Insurance took possession of the company, pursuant to section 63 of the Insurance Law, for the purpose of liquidating its business.    The order of liquidation fixed the rights and liabilities of the corporation, its creditors and policyholders as of July 12, 1923.

Subsequently and on May 29, 1924, the Superintendent of Insurance made his report, wherein he levied an assessment upon the members and policyholders of the company for the purpose of paying the losses and expenses of said company.    The amount of the assessment was equal to twice the amount of the cash premium written in the respective policy contracts.    The defendant William L. Weinstock, a policyholder, was assessed $206.38, and this action has been brought to recover the amount.    The defense interposed, and which has been successful below, is that the insured was not notified of the assessment within the time specified in section 346 of the Insurance Law governing assessments.

This defendant took out his policy for one year on April 17, 1922.    As amended to take effect April 1, 1922, section 346 read:

" Section 346. Assessments.    The corporation shall in its by-laws and policies fix the contingent mutual liability of the members for the payment of losses and expenses not provided for by its cash funds; but such contingent liability of a member shall not be less than an amount equal to twice the amount of, and in addition to, the cash premium written in the policy.    If the corporation is not possessed of cash funds above its unearned premium

sufficient for the payment of the incurred losses and expenses, as estimated or determined, it shall make an assessment for the amount needed to pay such losses and expenses upon the members liable to assessment therefor, in proportion to their several liability. Every member shall be liable to pay and shall pay his proportionate part of any assessment which may be laid by the corporation in accordance with law and his contract, covering any deficiency (excess of liabilities over admitted assets) if he is notified of such assessment within one year after the expiration or cancellation of his policy. Each member's share of the deficiency for which an assessment is made shall be determined by applying to the premium earned on the member's policy during the period to be covered by the assessment the ratio of the total deficiency to the total premiums earned during such period upon all policies subject to assessment. All proposed premium assessments shall be filed in the insurance department and shall not take effect until approved by the superintendent of insurance, after such investigation as he may deem necessary. · All funds of the corporation and the contingent liability of the members thereof shall be available for the payment of any liability of the corporation."

The defendant's policy expired April 17, 1923. The one year referred to in this section after expiration in which to notify a policyholder of an assessment, would in the defendant's case expire April 17, 1924. As he was not assessed by the insurance liquidator until May 29, 1924, he was not notified within the year after the expiration of his policy. This has been found by the courts below to be fatal to the plaintiff's recovery. The Attorney-General insists that the one year's notice does not apply to liquidation proceedings, and we are inclined to agree with him for the following reasons:

This was a mutual insurance company in which the insured was also the insurer. The only funds to pay

insurance losses came from the premiums or assessments. Persons other than the insured were interested in maintaining a sufficient insurance fund to pay losses. By section 109 of the Insurance Law the company was directly liable in case of the insolvency of the insured to persons injured in an accident covered by the policy.

Section 346 provided for a fund to pay losses. First, there was the premium stated in the policy. Then the contingent mutual liability of the members for the payment of losses in excess of its cash funds was provided by assessments, not to be less than an amount equal to twice the amount of and in addition to the cash premium written in the policy. The defendant's policy contained similar provision, except that the amount of the assessment was not to be greater than twice the premium. The defendant in this case has not been assessed in excess of this amount.

The provision of section 346 relating to notice of assessment, in our opinion relates to assessments made by the corporation as a going concern. Every member, it says, shall be liable for his proportionate part of any assessment laid by the corporation in accordance with law and his contract. All such assessments shall be filed in the Insurance Department, and shall not take effect until approved by the Superintendent of Insurance after such investigation as he may deem necessary. As assessment made by the liquidator, the Insurance Superintendent, would not have to be filed as here stated in the Insurance Department. Such an assessment would not be referred to as taking effect only after the approval of the Superintendent of Insurance and an investigation by him; and yet th s provision applies to *all* proposed premium assessments, indicating that the assessments referred to excluded those made in liquidation proceedings to pay the debts of the company.

The defendant knew, when he entered the mutual

company, that assessments could be levied up to twice his premium for the purpose of paying the losses. The law so provided; so did his policy. To the extent of this superadded liability, he became an insurer. (*Commonwealth* v. *Monitor Insurance Co.*, 112 Mass. 150.) The company, as a going concern, from day to day could estimate its apparent contingent liabilities for losses which had occurred and make from time to time the assessments necessary to meet these losses. Under such circumstances, it was reasonable that the company should notify the policyholder as soon as possible and at least within the year provided by the statute. A different situation confronted the liquidator. All losses and liabilities were fixed as of a certain date. He would have to gather in all available assets, ascertain all the losses up to that time and figure out the assessments upon policyholders. He would not only have one company to deal with, but as a State department, would in all probability have many proceedings going at the same time. No new business would be taken, of course, after the liquidator took possession. All liability and assets would be fixed in amount as of the date stated. The liabilities of the policyholders could not be increased by the taking on of any new business. It would, therefore, be of little importance whether the policyholder, liable to assessment to pay the debts, received notice at once or within the year, or later in the course of the proper administration of the Insurance Department liquidations. The main thing is that the debts and liabilities are fixed as of a certain date and a policyholder made liable by the statute for these debts up to a certain amount.

The winding up of a corporation, such as a mutual insurance company, takes time, and it can hardly be expected that the Legislature intended to force the Insurance Department to proceed to collect the assets within a definite period. I can see no reason for so limiting its powers.

Therefore, the context of the statute and this reasoning would indicate that the one-year notice of assessment does not apply to liquidation proceedings. The order of the Appellate Division and that of Special Term should be reversed and the motion for judgment on the pleadings denied, with costs in all courts.

CARDOZO, Ch. J., POUND, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Orders reversed, etc.