GEORGE S. VAN SCHAICK, Superintendent of Insurance of the State of New York, as Liquidator of the WORLD MUTUAL CASUALTY COMPANY, Plaintiff, *v.* HERBERT STIERING, Defendant.

Supreme Court, Albany County, September, 1931.

*Joseph G. Bill* [*Pickney Estes Glantzberg* of counsel], for the plaintiff.

*Leo Strier* [*Harry Krokow* of counsel], for the defendant.

STALEY, J. Defendant moves to dismiss the complaint herein as insufficient in law. By order of June 23, 1924, the Superintendent of Insurance was empowered to liquidate the business and affairs of the World Mutual Casualty Company. The defendant herein became a policyholder and member of this company on December 29, 1922. His policy was terminated on March 29, 1923. During the period of his membership it is alleged that the losses and expenses of the company were in excess of the cash funds of said company.

The report of the liquidator filed April 20, 1925, levied an assessment against the members and policyholders, including this defendant, equal to 200 per cent of the amount of the cash premium earned on the policy and notice was served upon all persons interested, including this defendant, of the presentation of said report and of application for an order approving and confirming the same in all respects, and authorizing and directing the liquidator to collect the assessment levied from all persons so assessed who had not made payment of said assessment.

It is further alleged that said notice contained a statement that the defendant had been assessed for the sum of $560 and it demanded payment of the amount of the earned premium of $69.05; that

the defendant defaulted in appearing upon said application for confirmation of the liquidator's report and that on July 28, 1925, order was made and entered approving and confirming said assessment and call for immediate payment of the earned premium for the amount of which the complaint now demands judgment.

At the time the defendant became a member of the liquidated company, the Insurance Law provided that in cases of liquidation by the Superintendent, the rights and liabilities of any policyholder and member shall be fixed as of the date of the entry of the order directing the liquidation of said corporation, unless otherwise directed in said order. (Ins. Law, § 63, subd. 3, added by Laws of 1909, chap. 300, as amd. by Laws of 1918, chap. 119.)

It was also provided in section 346 of the Insurance Law (added by Laws of 1916, chap. 3, as amd. by Laws of 1922, chap. 417) that " every member shall be liable to pay and shall pay his proportionate part of any assessment which may be laid by the corporation in accordance with law and his contract, covering any deficiency, * * * if he is notified of such assessment within one year after the expiration or cancellation of his policy."

The defendant contends that the complaint fails to show any liability for the assessment for the reason that more than one year had elapsed since the termination of the policy and membership of the defendant before the company was placed in liquidation through the Superintendent of Insurance. This contention raises the issue as to when in point of time a policyholder in a mutual casualty company ceases to be liable for assessment for any deficiency of the company when placed in liquidation.

The company was organized pursuant to article 10-B of the Insurance Law.*

Section 341 of this article in part provides that " the members of the corporation shall be policyholders therein, and when any member shall cease to be a policyholder, he shall cease at the same time to be a member of the corporation."

The policy and membership of the defendant, therefore, terminated on March 29, 1923. During the year following the company was a going concern and during that year the liability for assessment was an existing right under the policy contract if necessity and deficiency justified. When the period of liability for assessment expired, the right to levy assessment likewise expired. Subsequent liquidation of the company did not revive it and any assessment levied after the expiration of liability could not be an assessment laid in accordance with the contract of the policyholder.

---

* Added by Laws of 1916, chap. 13.— [REP.

The power of the liquidator to levy an assessment must have a basis of liability that is reasonable and just.

His power is not an arbitrary one, nor is it judicial in its nature; but its validity must depend upon the existence of facts making the assessment necessary and proper. (*Raegener* v. *Willard*, 44 App. Div. 41, 42.)

" The right of assessment to pay the debts of the company can be exercised by the receiver upon those who were members at the time he was appointed, the company now being insolvent, and the rights and liabilities of the creditors and members being determined by their status at the time the receiver was named." (*Skaneateles Paper Company* v. *Am. U. F. I. Co.*, 61 Misc. 457, 464.)

When the liquidator assumed control of the affairs of this company, the defendant was not a member nor was he subject to any liability under his contract. Surely the basis for liability and the power to assess must be found in one or the other at the time the liquidation is assumed.

*Beha* v. *Weinstock* (247 N. Y. 221), as I understand it, does not hold to the contrary. The Court of Appeals in that case held that where the policyholder was subject to the liability of assessment at the time the Superintendent of Insurance took possession for liquidation, the provisions of section 346 of the law, requiring notice of assessment within one year from the date of the expiration of the policy, did not apply, for the reason that through liquidation a different situation was created and that liability of the policyholder existing at the time when liquidation was assumed could not be defeated by failure to serve notice of the amount of the assessment within one year from the time of the expiration of the policy.

In this case no liability of the defendant existed when the Superintendent of Insurance took possession, and if no liability then existed, the mere process of liquidation could not create one nor justify it.

There is another aspect of this class of litigation which is worthy of serious consideration. Many mutual companies have gone the way of liquidation, and court calendars are cluttered with actions to recover assessments levied in liquidation proceedings and the time of courts and juries is constantly demanded for their disposition entailing unnecessary public expense.

The question of the right of the liquidator to make these assessments should be open for determination in the proceeding to confirm the report of the liquidator and his levy of the assessments. Each policyholder should be given notice of such proceeding and of the fact that he has been assessed and the amount of the

assessment and of the application to confirm and approve such assessment in a manner authorized by statute.

The question of the validity of the assessment is one properly to be litigated in that proceeding, and a determination therein should be binding upon all who are brought within the jurisdiction of the court.

The business of the liquidator and the interest of claimants against the company justify a change in procedure from the protracted practice now invoked to expedite and more effectively accomplish the assembling of assets for the payment of just claims. Such a result could be accomplished by legislation judicially establishing liability for assessment in the liquidation proceeding, permitting the docketing of judgments for the amounts of the assessments confirmed by the court as soon as the time to appeal from the order confirming them has expired. To continue the procedure as heretofore tends to defeat justice and to wantonly waste public funds.

Any matter in issue, and directly adjudicated upon or necessarily involved in the determination of a competent court in which a judgment or decree is rendered upon the merits is conclusively settled by a determination therein and cannot again be litigated between the parties or their privies. (*House* v. *Lockwood,* 137 N. Y. 259, 269.)

It is well established that where a matter has been submitted to an authorized judicial tribunal, its decision is final between the parties until it has been subsequently reversed, set aside or rejected; and the rule of *res adjudicata* applies in all judicial determinations, whether made in actions or in summary or special proceedings or by judicial officers in matters properly submitted for their determination. (*People ex rel. McCabe* v. *Matthies,* 179 N. Y. 242, 248.)

The allegations of the complaint herein set forth with great particularity the proceedings taken by the liquidator for the levy of the assessment against the policyholders of this company, including the defendant, of the giving of notice to defendant of such proceedings and their purpose and effect as to him, and of his default to appear therein and contest the assessment levied against him.

The plaintiff asserts that these allegations estopped the defendant from now questioning the validity of the assessment.

Section 63 of the Insurance Law confers jurisdiction upon the Supreme Court to order liquidation, to issue injunctions, to prevent interference with the possession and control of the liquidator, to prevent waste of assets, to direct liquidation by the Superintendent of Insurance whose rights and duties in the premises shall be

similar to those exercised and imposed upon ancillary receivers of foreign corporations.

No procedure is expressly provided, in the case of a mutual company, for the levying of assessments by the liquidator. That he has a right to do so in a proper case cannot be questioned. Whether the assessment alleged to have been confirmed in the proceeding referred to in the complaint constitutes a judicially established liability and is *res adjudicata* of the issue raised here, I am reluctant to determine on mere allegations of the complaint. The form of the notice alleged to have been served upon the defendant is not set forth nor its manner of service specified. Whether such notice was given by the liquidator in a manner of his own selection or as directed by the court does not appear. The proof of the facts can best establish the jurisdiction of the court to make a determination binding upon the defendant.

That such facts may be adduced upon a trial and the plaintiff have the benefit of them on his claim of estoppel, order may be entered denying the motion, without costs.