Zimmerman, J.,
dissenting. Because of the view we take of this case, we are impelled to dissent from the fourth and fifth paragraphs of the syllabus and from the judgment.
In our opinion, Section 9607-16, General Code, providing in substance that a policyholder in a mutual insurance company must be notified of an assessment against him within one year after the expiration or cancellation of his policy, refers only to an assessment *57 levied by a company as a going concern and has no application to an assessment made pursuant to an order of court, over the resistance of the company, in a liquidation proceeding. See Beha, Supt. of Ins., v. Weinstock, 247 N. Y., 221, 160 N. E., 17.
Otherwise, a situation could develop where an insolvent mutual insurance company would wrongfully refuse or neglect to levy an assessment within a year after the expiration or cancellation of a policy and the policyholder would thereby be unjustly relieved by the dereliction of the company from contributing toward the payment of the bona ficle obligations incurred by the company during the time he was a member and which obligations could be met only by the levying and collection of an assessment.
Generally speaking, a mutual insurance company is a cooperative enterprise in which the members consti-' tute both the insured and the insurer. These members contribute by way of premiums or assessments to the creation of a fund from which losses and other obligations are paid. Any profits are distributed among the members proportionately. 29 Am. Jurisprudence, 86, Section 52.
In the instant case, by the acceptance of the policy and according to its terms, the policyholder became a, member of this mutual company and subject to a contingent liability of one time the premium specified in the policy. "When the liability to pay was duly fixed on the Ohio policyholder by a court of competent jurisdiction in another state, the right to attempt collection of the assessment laid became an incident of the court’s determination, with the privilege extended the policyholder to raise any valid defenses he might have to the individual action for collection brought against him in Ohio.
The applicable statute of limitation, if available, could undoubtedly be invoked by a defendant in an *58 Ohio proceeding' to collect an assessment levied by an order of court in another state, but we insist the one-year period mentioned in Section 9607-16, General Code, is without relevancy here.
Williams, J., concurs in the foregoing dissenting opinion.