Breitel, J.
Plaintiff, the Insurance Commissioner of the Commonwealth of Pennsylvania, appeals as of right from an order of the Appellate Division, Fourth Department. Plaintiff Commissioner, suing as the statutory liquidator of a Pennsylvania mutual insurance company which failed in 1951, brought this plenary action in 1963 against defendant, a former policyholder of the company, to collect an assessment totaling $1,274.71. While the complaint was framed in a single cause of action, the assessment was based on two policies previously owned by defendant, one of which expired in 1950 and the other in 1951. The parties cross-moved for summary judgment and the Supreme Court, Onondaga County, granted plaintiff Commissioner’s motion in an opinion. The Appellate Division reversed in an opinion, and granted judgment to defendant policyholder dismissing so much of the assessment as was apportioned to the 1950 policy. The court also held that ‘ ‘ a trial of the factual issues should be had to determine whether the defendant is liable ” for the remaining portion of the assessment attributable to the second (1951) policy.
It is concluded that the order of the Appellate Division should be affirmed insofar as it granted summary judgment to defend *200 ant on the 1950 policy. "With respect to the 1951 policy, however, the Appellate Division order is nonfinal and the appeal therefrom should be dismissed.
In 1949, defendant, a New York resident, took out a liability and collision policy on a tractor and trailer with the General Mutual Fire Insurance and Reinsurance Company, a mutual company incorporated in Pennsylvania. General Mutual was not licensed to do business in New York but it is alleged that defendant’s coverage was written by an agent in Pennsylvania, having been transmitted through a New York excess-line broker (see Insurance Law, § 122, subd. 1). Defendant’s policy, effective from September 19, 1949 to September 19, 1950, contained the following provisions relating to his liability for assessment of additional premiums:
“ MUTUAL PROVISIONS: THE INSURED IS HEREBY NOTIFIED-That by virtue of this policy he is a member of the general mutual FIRE INSURANCE AND REINSURANCE COMPANY, PHILADELPHIA, PENNA., and that the annual meeting of said company is held at its home office on the fourth Monday in April of each year.
“ The liability , to premium calls on this policy is limited to an amount not to exceed one time the premium written in this policy.
‘ ‘ Any such additional premium, as so limited, shall be levied within one year from the date of expiration or cancellation of this policy, and not later.”
Upon expiration of this policy on September 19, 1950, defendant took out another at a lower premium, providing coverage from September 19,1950 until September 19, 1951. This policy contained the same provisions set forth above.
On November 2, 1951, more than a year after the expiration date of defendant’s 1950 policy and less than two months after the expiration date of the 1951 policy, the Court of Common Pleas (Dauphin County, Pa.) ordered the dissolution of the company and the appointment of plaintiff Commissioner as its liquidator. Under Pennsylvania law, the Commissioner was thereupon ‘ ‘ vested * * * with title to all of the property, contracts, and rights of action of [the company] * * * as of the date of the order so directing him to liquidate ” (Purdon’s Pa. Stat. Ann., tit. 40, § 206).
*201 On January 10, 1958, over six years later, the Commissioner filed a petition with the Court of Common Pleas, requesting for the first time “ an additional premium or assessment ” from all policyholders “ who had policies [issued by the company] in force between December 22, 1947 and November 1, 1951 [the loss period].” The assessments were to be based upon each policyholder’s “ proportionate share of the losses occurring during the period of [his] membership ”. The petition was granted on May 10, 1958, and defendant, who had been a policyholder during the “ loss period,” subsequently received a notice of assessment of $695.41 on the 1950 policy (approximately 90% of the original premium) and $579.30 for the 1951 policy (100% of the original premium).
After demand and refusal, the Commissioner began this action on July 8, 1963. The complaint, framed as one cause of action, demanded a total recovery of $1,274.71. The answer raised five affirmative defenses applicable to both policies, including the policy provision that precluded the imposition of additional premiums more than one year after expiration.
Special Term entered judgment for the Commissioner on both policies. The court held that it was bound by full faith and credit to enforce the Pennsylvania assessment decree and, while defendant might raise defenses “ of an individual nature ’ ’, the one-year policy limitation “ is not a personal defense inasmuch as it goes to the very essence of the assessment order.” As for the Statute of Limitations, the court held that the action was timely as it had been instituted within six years of the assessment decree (May 10,1958).
The Appellate Division reversed and held that the one-year policy limitation barred the Commissioner from levying an assessment on the first policy because it had expired on September 19, 1950, more than one year before the order of dissolution On November 2, 1951. The limitation was held not to bar the assessment on the second policy, even though a demand was not made until 1958, on the ground that ‘‘ as the company had the right to levy an assessment against this policy at the time the order of liquidation was entered, that right was preserved to the liquidator.” The court also denied summary judgment to either party on the 1951 policy, holding that a trial would be necessary *202 to determine “ the legality of the contract ” and the applicability of the Statute of Limitations.
Before turning to the merits, there is a threshold question (not raised or briefed by either party) as to whether an appeal may be taken from any part of the Appellate Division order. Certainly, it is nonappealable as of right insofar as it denied summary judgment to either party on the 1951 policy and directed a trial (McKenna v. Metropolitan Life Ins. Co., 247 N. Y. 527; Apfel v. Auditore, 244 N. Y. 507; Cohen and Karger, Powers of the New York Court of Appeals, § 40, p. 161).
As noted above, the complaint was framed as only one cause of action, but the Appellate Division, in discussing and disposing of the case, treated it as if two assessment claims were presented, one on each policy. While the two claims are related, in some respects they involve truly separate issues because the insurance policies upon which they are based differ in one important respect — their expiration dates. Consequently, the claim on the 1950 policy was “ impliedly severed ” and is, therefore, appealable, even though there is a relatively close relationship between the claims (see Sirlin Plumbing Co. v. Maple Hill Homes, 20 N Y 2d 401 [indicating that recent decisions have applied the doctrine of implied severance even when the claims involved are directly related and arise out of the same transaction]; compare Lichtenstein v. Levitt, 8 A D 2d 789, mot. for lv. to app. dsmd. 7 N Y 2d 705, 720 [refusing to apply rule when causes of action were not separately stated and were mutually interdependent]).
The Commissioner makes three arguments that defendant may be assessed under the 1950 policy: New York is bound by ‘ ‘ full faith and credit ’ ’ to implement the 1958 assessment decree affecting policyholders between December 22, 1947 and November 1, 1951; the one-year limitation clause in the policy contravenes Pennsylvania law; and, even if it does not, it is not binding upon the Commissioner.
As the Appellate Division held, even though defendant was not a party to the Pennsylvania proceedings, the assessment decree is conclusive in this action as to the necessity for the assessment and the amount charged (see, e.g., Great Western Tel. Co. v. Purdy, 162 U. S. 329). But, as the Pennsylvania decree was in rem only, defendant is entitled to raise any personal *203 defenses he may have in this action, including defenses based upon the provisions of his policy. This court summarized the applicable principles in Stone v. Penn Yan, Keuka Park & Branchport Ry. (197 N. Y. 279, 283-284). “ In this suit by the receiver to recover the amount of the assessments upon the policies held by the appellant, while the decree of the foreign court is not open to attack, as to the matters determined thereby, the latter was not debarred from pleading, or showing, that it was not liable upon its contract; whether by reason of payment, or of release, or of the running of the Statute of Limitations, or of any other legal defense. The decree of the foreign court was in rem, not in personam, and the receiver’s action must rest upon the theory that, an assessment having been validly made, the appellant was liable upon its agreement in the contract of insurance. To this claim the appellant could interpose any defense, which established the cessation of its liability, or its non-enforceability. ’’
In Pink v. A. A. A. Highway Express (314 U. S. 201) a mutual insurance company organized under the laws of New York was placed in liquidation and the New York Supreme Court ordered the assessment of “ each member ” of the company who had held a policy during the year prior to November 10, 1937. The New York Superintendent of Insurance brought suit in Georgia against defendant shareholders, residents of Georgia, to recover the assessments. Defendants raised the defense that their policies did not state that they were subject to assessment and the Superintendent countered that, notwithstanding this omission in the contract, the New York Insurance Law provided that all mutual policyholders were liable to assessment and that full faith and credit must be afforded ‘ ‘ to exact obedience to [this] statute ” (supra, p. 209). The Supreme Court of the United States found for the defendants, affirming the holding of the Georgia courts that the absence of an assessment provision in the policy was fatal to the Superintendent’s claim. With respect to the New York statute, the Supreme Court held that the full faith and credit requirement was no bar to a determination by the Georgia courts that its residents had not assented to membership obligations imposed by extrastate law arising out of a contract which made no mention of the obligations {supra, pp. 210-211).
*204 Similarly, defendant in this case may raise the ‘‘ personal defense ” that, under the 1950 policy, he is not liable for an assessment ordered more than one year after its expiration. The fact that this contention goes to the ‘‘ very essence of the assessment order” does not change the nature of the defense; in the Pink case, the absence of the assessment provision must have had a like effect upon the assessment order of the New York court.
The Commissioner also argues that the one-year limitation in the policy is void under the statutory law of Pennsylvania. Were this to be true, a substantial question would still exist as to whether, under the holding of the Pink case, defendant’s rights could, or should, be limited by the application of a Pennsylvania statutory provision which was not included in his policy. In any event, there is nothing in the relevant provisions of the Pennsylvania Insurance Law to support the Commissioner’s position. Section 916 provides that a policyholder of a mutual insurance company may be liable for ‘‘ an additional contingent premium not less than the cash premium”. This additional premium may be obtained by an assessment under section 918 which states that “ Such assessment shall be against each member in proportion to such liability as expressed in his policy.”
There is nothing in either of these sections which even suggests that a time limitation upon an ex-member’s liability for assessment would be invalid. True, the Pennsylvania courts have held invalid a policy which contained no provision at all for assessment of members, let alone ex-members (Commonwealth ex rel. Schnader v. Keystone Ind. Exch., 338 Pa. 405, 411) but, in'that situation, the conflict between policy and statute was obvious. Here, the policy provides, in conformity with all that the statute requires, that members may be liable for additional premiums and that ex-members will not be liable more than one year after their policies expire.
Finally, the Commissioner argues that even if the one-year limitation provision does not violate Pennsylvania statutory law, it is “ void and ineffective ” as against her. But the relevant statute (section 206) provides that, upon liquidation, the Commissioner shall succeed to the “property, contracts, and rights of action ” of the failed company and there is no indica *205 tion that any of these rights are somehow enlarged upon their exercise by the Commissioner. No Pennsylvania decision is cited in support of this contention and other States have held that a liquidator may not levy an assessment on a policy when the company could not (Keehn v. Stapleton, 161 Kan. 476, 489-490; Central Mut. Auto Ins. Co. v. Insurance Comr., 292 Mich. 309, 315-316; Keehn v. Hodge Drive-It-Yourself, Inc., 146 Ohio St. 45, 53-54).
Beha v. Weinstock (247 N. Y. 221) is not to the contrary. There, the defendant’s policy expired less than a year before the liquidation of the company, although the assessment order was not entered until approximately two months after the year had elapsed. Defendant resisted payment on the ground that the then applicable provision of the Insurance Law, section 346 (now § 323, subd. 3), stated that a member would be liable for assessment only “ if he [was] notified of such assessment ’ ’ within one year after the expiration of his policy. This court held that the requirement of notice did not extend to liquidation proceedings. The court, per Judge Crane, noted the burden that would be imposed upon the Commissioner, and then added, in a different vein: “ The main thing is that the debts and liabilities are fixed as of a certain date [the liquidation order] and a policyholder made liable by the statute for these debts ’ ’ (supra, p. 226).
What the Beha case held was that an ex-member would be liable for an assessment when the “ certain date ”—that of the order of liquidation—fell within the one-year period, even though the assessment order did not. The case in no way undermines the holding as to the 1950 policy. The distinction was recognized in Van Schaick v. Stiering (141 Misc. 461), where, as here, the order of liquidation was entered more than one year after the defendant’s policy had expired. In finding for the defendant, the court distinguished the Beha case and held:
‘‘ In this case no liability of the defendant existed when the Superintendent of Insurance took possession, and if no liability then existed, the mere process of liquidation could not create one nor justify it ” (supra, p. 464).
Accordingly, the appeal from that part of the order of the Appellate Division which granted judgment to defendant on the 1950 policy should be affirmed and the appeal from that *206 part of the same order which denied summary judgment to either party on the 1951 policy should be dismissed, with costs to defendant-respondent.
Chief Judge Fuld and Judges Van Voorhis, Burke, Scileppi, Bergan and Keating concur.
Order affirmed, with costs, insofar as it granted summary judgment to defendant on the 1950 policy. Appeal from the order insofar as it denied summary judgment to either party on the 1951 policy dismissed upon the ground that such part of the Appellate Division order is not final.