**Frederic H. Tarnow, Lee Foxx, etc., Plaintiffs-Appellants, v. Richard G. Hershey, etc., Defendant-Appellee.**

Consolidated With

**Lee Foxx, etc., Plaintiffs-Appellants, v. Richard G. Hershey, etc., Defendant-Appellee.**

Gen. Nos. 51,362, 51,535. (Consolidated.)

First District, First Division.

January 15, 1968.

Marvin J. Glink and Ronald M. Glink, of Chicago, for appellants.

Russell J. Topper, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

In cause number 51362 Frederic H. Tarnow and Lee Foxx, for themselves and on behalf of all members or policyholders of Blackhawk Mutual Insurance Company, (Blackhawk), appeal from an order dismissing their complaint seeking a declaratory judgment and other relief. In cause number 51535 Lee Foxx, for himself and on behalf of all members and policyholders of Illinois Automobile Insurance Company (Illinois) a reciprocal, appeals from a similar order. On the suggestion of plaintiffs that the causes have a common identity in ultimate fact, in issue, and in governing principles of law, we have consolidated the two separate appeals for purposes of review.

In the Blackhawk suit plaintiffs sought a declaratory judgment that an assessment levy made by the defendant, the Director of Insurance, on February 5, 1963, was without contractual or statutory authority and was therefore void. They further sought the return of the monies collected by the Director and an injunction restraining him from enforcing or continuing to enforce the collection of such assessments. In the Illinois suit, filed at the same time as the Blackhawk suit, plaintiffs sought similar relief from an assessment levy made against them on October 3, 1961. In each of the cases the motion of the Director to strike and dismiss the complaint was sustained and the suit dismissed on the pleadings.

The basic facts are not in dispute since, on defendant's motion to strike, all well-pleaded facts in the respective complaints are taken as true. The record shows

that a decree of liquidation was entered in the Circuit Court of Cook County for the Blackhawk Company on February 27, 1957. The court ordered the Director of Insurance of the State of Illinois, to take possession of the property, business, and affairs of Blackhawk and liquidate the same in accordance with Article XIII of the Insurance Code of the State of Illinois. On February 5, 1963, an order was entered authorizing an assessment against all members and policyholders of Blackhawk who were members at any time during the twelve months ending on March 4, 1957. Shortly thereafter, the Director levied the assessment against the members or policyholders, and for the first time notified the members or policyholders of his claim by reason of such an assessment.

The same proceedings generally were followed in the Illinois case. The decree of liquidation, ordering the Director to liquidate in accordance with Article XIII, was entered on November 15, 1956, in the Circuit Court of Champaign County, Illinois. On May 7, 1957, an order was entered removing the liquidation proceedings to the Circuit Court of Cook County. On May 16, 1960, an order was entered authorizing an assessment against all members and policyholders of Illinois who were members and policyholders at any time during the twelve months ending November 15, 1956. On or about December 27, 1961, plaintiffs received their first notification of the assessment.

Plaintiffs contend that inasmuch as the Director of Insurance, as liquidator, failed to notify the members or policyholders of "Blackhawk" and "Illinois" of his claim for an assessment until more than five years after the termination of their policies, the assessments were invalid and void because they failed to comply with the notice requirements of the Illinois Insurance Code. Specifically, they argue that the Director, in ordering an assessment in the course of liquidation proceedings under

section 207 of the Code, is bound by the one year notice requirements announced in section 60.

The sections of the Illinois Insurance Code dealing with assessments by the Director of Insurance, as liquidator, are found in the following statutory provisions:

Section 60 (c 73, § 672, Ill Rev Stats 1963) "Procedure when insufficient assets are possessed by company—

"(1) Whenever the Director shall find that the admitted assets of a company subject to the provisions of this article are less than the aggregate of (a) its liabilities and (b) the minimum surplus required to be maintained by section 43, he shall notify the company in writing of the amount of such deficit and require that such deficit shall be made good within such period, which shall not be less than thirty nor more than ninety days, as he may designate. The Director shall have power by service of written notice to require the company to discontinue the issuance of new policies while such deficit exists. If the contracts issued by the company contain a provision for a contingent liability the Director shall order the board of directors or trustees of the company to levy an assessment for the purpose of supplying such deficiency, against each member in accordance with the terms of his policy and only on account of losses and expenses incurred while his policy was in force. If the Director finds that the company will make good the deficit or a part thereof from sources other than an assessment, he may permit a reduction in the amount of the assessment to the extent of the sums to be obtained. *No member shall be liable for an assessment unless notified of the company's claim therefor within one year after the termination of the policy whether by expiration, cancellation or otherwise.* (Emphasis ours.)

128

"(2) If policies containing provisions for a contingent liability are outstanding, and the company fails to levy an assessment within twenty days from the date of such order, or if said deficiency is not repaired within the period specified in the Director's notice, the company shall be deemed insolvent and the Director may cancel said company's certificate of authority and shall proceed against it in accordance with Article XIII.

"(3) If, while such deficit exists, any officer, director or trustee of the company delivers, or knowingly permits a new policy to be delivered, either after notice is given by the Director to discontinue the issuance of new policies or after the expiration of the period within which such deficit is to be made good, such officer, director or trustee shall be fined not less than two hundred dollars, and not more than five thousand dollars for each offense. 1937, June 29, Laws 1937, p 696, § 60."

The above section 60 was amended in 1965 by the addition of the following language to the end of the paragraph (1):

"Nothing contained in this paragraph shall be construed to limit or restrict the authority of any liquidator, conservator or rehabilitator acting under the provisions of Article XIII or XIII½ of this Act."

Section 83 (c 73, § 695, Ill Rev Stats 1963) "Procedure when insufficient assets are possessed by reciprocal—

"(1) Whenever the Director shall find that the admitted assets in excess of all liabilities of a reciprocal are less than the amount required by section 66(2), the Director shall proceed in the manner set forth as provided in section 60 applicable to mutual companies and the reciprocal, its attorney-in-fact or

129

any officers thereof, shall be subject to the same requirements and penalties in said section provided.

"(2) The attorney-in-fact of any such reciprocal may repair such deficiency within the period designated by the Director, by advancing the amount or any part thereof, at an interest rate not exceeding seven percentum per annum. The funds so advanced shall not be treated as a liability of such reciprocal and such advance including interest thereon shall be repaid only out of the surplus funds of the reciprocal in excess of the amount required by section 66. As amended 1951, July 16, Laws 1951, p 1565, § 1."

Section 207 (c 73, § 819, Ill Rev Stats 1963) "Levy of assessments.

"(1) In the event of the entry of an order directing the Director to rehabilitate or liquidate any company which has issued assessable policies or contracts of insurance, *the Director may, with leave of court, at any time during the pendency of the proceeding, levy such assessment or assessments against the members or subscribers of the company, as may be necessary to pay all allowed claims in full, to the same extent that such assessment or assessments might have been levied by the board of directors, attorney-in-fact or other governing body of the company.* Such assessment or assessments shall become due and payable upon the levy thereof by the Director and shall cover the excess of the probable liabilities over the reasonable value of the assets, together with the cost of collection and probable percentage of uncollectibility thereof. The total of all such assessments against any member or subscriber shall not exceed the maximum amount fixed in the contract of that member or subscriber." (Emphasis ours.)

". . . As amended 1961, Aug 9, Laws 1961, p 3034, § 1."

130

Paragraph (1) of the above section 819 was amended in 1965 to read as follows:

"(1) In the event of the entry of an order directing the Director to rehabilitate or liquidate any company which has issued assessable policies or contracts of insurance, the Director may, with leave of court, at any time during the pendency of the proceeding, levy such assessment or assessments against the members or subscribers of the company, as may be necessary to pay all allowable claims in full, to the same extent except as otherwise provided in this section that such assessment or assessments might have been levied by the board of directors, attorney-in-fact or other governing body of the company. Such assessment or assessments shall become due and payable upon the levy thereof by the Director and shall cover the excess of the probable liabilities over the reasonable value of the assets, together with the cost of collection and probable percentage of uncollectibility thereof. The total of all such assessments against any member or subscriber shall not exceed the maximum amount fixed in the contract of that member or subscriber. Only those persons shall be subject to any such assessment who were members or subscribers during the period beginning 3 years before the date the Director of Insurance last serves notice on the company prior to an order of liquidation or rehabilitation to discontinue the issuance of new or renewal policies." (C 73, § 819, Ill Rev Stats 1965.)

The plaintiffs insist that the provision in section 207 that the Director of Insurance may levy an assessment "to the same extent that such assessment or assessments might have been levied by the board of directors" clearly means that the Director is bound by the notice requirements of section 60 in the same way as the board of di-

131

rectors of an insurance company are bound by that section of the code. Defendant, on the other hand contends that other provisions of section 207 are determinative as to its meaning. The Director points out that he may levy an assessment "at any time during the pendency of the proceeding"; and that the purpose of said assessment is "to pay all allowed claims in full." The Director argues that the only clear meaning of these phrases is that he may levy an assessment at any time during the pendency of the liquidation proceedings.

 The primary purpose of this court in construing a statute is to determine the intent of the lawmaking body as it is revealed in the language used by the legislature. "Courts will construe the details of an act in conformity with its dominating general purpose, will read text in the light of context, and will interpret the text so far as the meaning of the words fairly permits so as to carry out in particular cases the generally expressed legislative policy." People v. Gibbs, 413 Ill 154, 163, 108 NE2d 446. (Citations omitted.) The court should interpret the statute so as to give it efficient operation and effect as a whole. Pliakes v. Illinois Liquor Control Commissioner, 11 Ill2d 456, 460, 143 NE2d 47. If the language employed in a statute admits of two constructions, one of which renders the statute of no effect, and the other of which makes the statute a reasonable enactment, that construction which renders the statute effective should be followed. Childers v. Modglin, 2 Ill App2d 292, 119 NE2d 519.

By the language it used in section 60 the legislature clearly and plainly stated that notice of the company's claim for assessment against its members must be given within one year after the termination of the policy. Had the general assembly in its wisdom intended that this clause should also apply to the Director in liquidation proceedings under section 207 they could simply have provided for the same procedure. There is no question but

that, as the plaintiffs point out, the board of directors of "Blackhawk" and "Illinois" could not have validly levied an assessment at the time when the Director did in the instant case. However, as the Director correctly points out, section 60 is plainly directed to the replacement of deficit assets for a going company as well as to the payment of currently accrued claims, while section 207 grants assessment powers to the Director in liquidation proceedings. There are significant distinctions between the two situations.

As stated by the New York Court of Appeals in Beha v. Weinstock, 247 NY 221, 160 NE 17:

> "The company, as a going concern, from day to day could estimate its apparent contingent liabilities for losses which had occurred, and make from time to time the assessments necessary to meet these losses. Under such circumstances it was reasonable that the company should notify the policyholder as soon as possible, or at least within the year provided by statute. A different situation confronted the liquidator." (160 NE at p 20.)

In holding that the one-year notice limitation did not apply to assessments levied in liquidation proceedings, under the direction of the Superintendent of Insurance, the court there stated that the winding up of a mutual insurance company, of necessity, took time. "It could hardly be expected that the legislature intended to force the Department of Insurance to collect all of the assets within a definite period of time." The court in Beha could see no reason for legislative action thus limiting the powers of the Director in liquidation proceedings.

The interpretation of the statute before us contended for by the plaintiffs would sorely limit the power of the liquidator in proceedings under section 207 "to pay all allowed claims in full." We cannot assume that the foregoing provision would have been included by the legisla-

ture had that body intended for the one year notice provisions of section 60 to apply to liquidation proceedings under section 207. Such an intention would have rendered the grant of power to the Director as liquidator practically nugatory. To determine the assessment necessary to pay all allowed claims in full must take considerable time, and in the case at bar it took five years. No contention is made here that the Director could have accomplished his job in the space of one year's time.

It is also worthy of note that section 207 allows the Director to levy assessments "at any time during the pendency of the proceeding." If the interpretation of section 207 sought by plaintiffs was accepted by this court there would be a conflict between the foregoing phrase and the one year notice of assessment requirement of section 60. Such a conflict cannot be considered expressive of legislative intent. Childers v. Modglin, 2 Ill App2d 292, 119 NE2d 519.

Section 207 was enacted by the legislature as part of the 1937 Insurance Code; for the first time in this section the state was given the statutory power to assess. It is unbelievable that our legislature intended to defeat, for all practical purposes, the new powers granted to the Director to carry out the new section's announced purpose. Section 207 clearly demonstrates that the legislature in Illinois intends to have a strong system for the protection of the public when mutual insurance companies require liquidation by the state. For the purpose of carrying out what we conceive to be the legislative intent in the enactment of section 207, and for the purpose of interpreting the statute so as to render its operation logical and efficient, we hold that the Director of Insurance in carrying out his assessment power under section 207 is not limited by the notice requirements of section 60. The Director may assess "at any time during the pendency of the proceeding," for the purpose of paying "all allowed claims in full."

134

■ We are aware that in Central Mut. Ins. Co. v. Gauss, 292 Mich 309, 290 NW 808, there is language that may give comfort to the plaintiffs. There are some similarities between the statute involved in that case and the one before us in the case at bar. While the interpretation by the court of the Michigan statute is not controlling here, we point out that the Michigan legislature chose to limit the power of assessment of the Commissioners of Insurance to the same powers possessed by the officers of insurance companies. Also, it does not appear from the Michigan statute that the state has the power to assess at any time during the pendency of the liquidation proceeding, a power provided for in section 207.

For the reasons given we find that the order entered dismissing the consolidated lawsuits was correct and is affirmed.

Affirmed.

MURPHY and ADESKO, JJ., concur.