Robert S. BENHAM, as Receiver of Manufacturers and Wholesalers Indemnity Exchange, Plaintiff-Appellant,

v.

Burl FISHER d/b/a Fisher Auto Sales, Defendant-Appellee.

Court of Appeals of Tennessee, Eastern Section.

Feb. 24, 1983.

Permission to Appeal Denied by Supreme Court May 2, 1983.

David A. Lufkin of Zwick Law Offices, P.C., Knoxville, for plaintiff-appellant.

Earl S. Ailor of Asquith, Ailor & Jones, Knoxville, for defendant-appellee.

## OPINION

FRANKS, Judge.

This action was originated in the Chancery Court of Knox County by the plaintiff filing a petition to register a foreign judgment in the amount of $660.75 with interest against the defendant, pursuant to The Enforcement of Foreign Judgments Act, T.C.A., § 26–6–101, *et seq.*

The defendant responded by asserting there was no personal jurisdiction over the defendant in the Colorado court which had rendered the original judgment.

The chancellor, upon an evidentiary hearing, agreed with the defendant and refused to enforce the foreign judgment.

The issues on appeal, as framed by the plaintiff, are:

Did the Chancery Court err in denying Benham's application for registration of a

foreign judgment obtained against Burl Fisher d/b/a Fisher Auto Sales in the District Court in and for the City and County of Denver, State of Colorado, in a suit styled *Robert S. Benham, as Receiver of Manufacturers and Wholesalers Indemnity Exchange v. Frank Whitson, Jr., d/b/a A–1 Auto Parts and Used Cars, et al.*, Civil Action No. 80CV3351?

Did the Chancery Court err by allowing this matter to proceed to trial on the issue of Colorado's jurisdiction over Fisher in *Benham v. Whitson* contrary to the Enforcement of Foreign Judgments Act?

Plaintiff argues by allowing a trial on the issue of jurisdiction, the chancellor "improperly placed on Benham the burden of proving that the Colorado Court had jurisdiction over Fisher . . . ."

T.C.A., § 26–6–104(c) provides:

A [foreign] judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a court of record of this state and may be enforced or satisfied in like manner.

■ There are a limited number of circumstances where a foreign judgment may be denied full faith and credit. The factual issues underlying the foreign judgment may not be a basis of inquiry; however, where the foreign court was without jurisdiction, the judgment is denied full faith and credit. *Milwaukee Co. v. M.E. White Co.*, 296 U.S. 268, 56 S.Ct. 229, 80 L.Ed. 220 (1935).

■ In this case, the chancellor properly conducted an evidentiary hearing to determine whether the Colorado court, in fact, had jurisdiction over the defendant.

The thrust of plaintiff's argument is the defendant did business in the State of Colorado by virtue of purchasing a policy of insurance from the defunct Manufacturers and Wholesalers Indemnity Exchange. The chancellor rejected this theory and the limited evidence before us does not preponderate against his decision.[1]

■ We adopt pertinent parts of the chancellor's opinion:

Very little evidence was introduced at trial. However, it does appear from the evidence introduced Defendant was never in Colorado and took no direct part in any activity there. Plaintiff nonetheless claims Defendant did business there because he became an insurer of the risks of other company insureds through the policy he bought. The insurance company was described in argument as an insurance exchange which was so structured that the policy holders insured each other. Whatever the arrangement may have been, a careful review of the evidence before the Court does not prove the claimed insuring arrangement.

The three exhibits introduced at trial have been carefully examined to see if they show any insuring obligation on Defendant as a policy holder. Exhibit 1, the policy, does not purport to make Defendant an insurer of anyone. It is noted that a policy provision on the last page entitled "Limit of Liability" states that by accepting the policy the insured assumes contingent liability not exceeding an annual premium, but the provision does not set forth the contingency upon which liability is based, nor does it provide anything with respect to an insured insuring other insureds or that Defendant is liable for the insurance company's excess losses. There is a reference in the provision to

1. Plaintiff filed a notice of appeal on July 9, 1982. On October 6, 1982, he filed what purported to be a narrative "statement of evidence" along with the trial exhibits, which merely detailed the court procedures in the case. This court, *sua sponte*, obtained a certification from the Clerk and Master of Knox County on February 14, 1983, of a copy of an "amended statement of evidence" filed on December 7, 1982, and objections thereto filed on December 13, 1982. The amended statement of evidence is not properly before the court. *See* T.R.A.P., Rule 24.

something called "Articles of Agreement," but the terms of such articles are not in evidence.

Exhibit 2 is the Colorado judgment sought to be enforced. Only the judgment and a computer printout are contained in this exhibit, and nothing in these documents purports to make Defendant the insurer of others, or an insurer of excess losses.

Exhibit 3 is the Colorado proceedings against Lloyds of London in which an attempt was made to recover on the policy of reinsurance with Lloyds for an assessment against policy holders. In paragraph 8 of the complaint in Exhibit 3 it is alleged "the subscribers of M & W could assess from them up to one additional annual premium per policy to pay M & W's excess losses." This is the closest any language in evidence comes to describing the type of liability Plaintiff attempts to assert against Defendant. However, it falls short of showing that Defendant insured any risk in Colorado. The language is only an allegation of fact in a judicial proceeding to which Defendant was not a party. The language cannot be taken as an admission by Defendant, and even if it were, the allegation is not adequate enough to describe the nature of Defendant's obligations under the policy, if any, which would show the insured risks in Colorado or did business there.

Considering the evidence as a whole, it only establishes that an insurance policy was issued to Defendant Fisher in Tennessee, and nothing more insofar as any obligation of Defendant as an insurer or as one responsible for excess losses of the insurance company. Indeed, insofar as insuring risks in Colorado is concerned, there is no evidence that any insurance policy was in force in Colorado while Defendant had a policy with the company, however unlikely that may have been. A fact claimed to exist cannot be found to exist unless proved. *Leonard v. Gilreath,* 625 S.W.2d 722 (Tenn.App.1982).

It is concluded no basis for service under the Colorado long arm statute has been shown, and is therefore found the Colorado Court acquired no personal jurisdiction over Defendant by purporting to serve him under that statute.

In reaching this conclusion a distinction is observed. The purpose for going into the question of whether the policy provided that Defendant insured others is only for the purpose of deciding the question of jurisdiction, and not to decide the merits of whether Defendant may be assessed under the policy. Having concluded the proof does not show Defendant undertook to insure risks in Colorado or do business there, the inquiry before this Court is at an end, and whether or not an assessment may be the basis for entry of a judgment against Defendant under the policy remains an open question to be decided once jurisdiction is properly acquired.

Most of the argument at trial was addressed to the question of whether long arm jurisdiction may be based upon insureds insuring each other. That question, not arising because the evidence failed to show it occurred, is not considered. In the absence of proof as to the exact nature of the insuring arrangement, it is not possible to adequately consider and decide the question.

The chancellor's conclusion of the nonbinding effect of the Colorado judgment apart from the lack of personal jurisdiction over the defendant is in accord with a line of cases holding a foreign judgment of insolvency assessments against exchange members as a class is not a personal judgment and in enforcement actions the defendants are allowed to raise defenses personal to them. *Kelly v. Bremmerman,* 21 N.Y.2d 195, 287 N.Y.S.2d 41, 234 N.E.2d 217 (1967); *Keehn v. Stapleton,* 161 Kan. 476, 169 P.2d 811, 175 A.L.R. 402 (1946); *Keehn v. Hi-Grade Coal & Fuel Co.,* 23 N.J.Misc. 102, 41 A.2d 525 (1945); *Taggart v. Wachter, Hoskins & Russell, Inc.,* 179 Md. 608, 21 A.2d 141, 141 A.L.R. 751 (1941).

The judgment of dismissal entered by the chancellor is affirmed and the cause remanded, with costs incident to the appeal assessed to plaintiff-appellant.

PARROTT, P.J., and SANDERS, J., concur.